## Schreffler License

*Joseph F. McCloskey*, for appellant.
*John J. Curran*, for Commonwealth.

STAUDENMEIER, J., September 9, 1959.—This is an appeal from the action of the Secretary of Revenue in suspending the motor vehicle operator's license of appellant.

Hearing was held before the court on April 6, 1959, at which time no testimony was taken. It appears from the opening statement of counsel for the Commonwealth that appellant was arrested and convicted in

the State of Delaware on a charge of drunken driving as a result of which his privilege to operate a motor vehicle in this Commonwealth was suspended for a period of six months, and that appellant has no record of citation or conviction prior to the instant case.

The Commonwealth offered into evidence what purported to be an official document from the Motor Vehicle Division of the State of Delaware. The introduction into evidence of the document was objected to by appellant. The court reserved a ruling and it is now decided that same is not admissible into evidence as an exhibit.

The Commonwealth evidently relies upon The Vehicle Code of May 1, 1929, P. L. 905, sec. 615 (e), 75 PS §192 (e), which follows:

"The secretary is hereby authorized after a hearing before the secretary or his representative, or upon failure of the said person to appear at such hearing, to suspend the operator's license or learner's permit of any person licensed in this Commonwealth, upon receiving notice of the conviction of such person in another state of an offense therein which, if committed in this Commonwealth, would be grounds for the suspension or revocation of the license of an operator."

The Act of March 29, 1860, P. L. 342, sec. 1, 28 PS §92, provides:

"In all suits or causes where it shall be necessary for either party to give in evidence the proceedings had before a justice or justices of the peace or alderman of any other state, a transcript of the docket, proceedings or record of the said justice or justices or alderman, certified by the same, respectively, verified by the certificate of the clerk or prothonotary of a court of record in the city or county wherein the said justice or alderman has jurisdiction, under the seal of the court, setting forth the official character and authority of the said justice or alderman, attested by

the judge thereof, shall be legal evidence of the judgment entered in such case."

The certificate in the instant case follows:

"I, Charles G. Moore, Motor Vehicle Commissioner of the state of Delaware, do hereby certify that the attached is a true and correct copy of the report of conviction of Monroe J. Schreffler, 125 N. 4th Street, West Hazleton, Pennsylvania, for operating a motor vehicle while under the influence of intoxicating liquor."

The report referred to sets forth the address of appellant and the following:

| Offense | Judgment | Result |
|---|---|---|
| 4111 A (drunken driving) | guilty | $200. |
| Trial Date | Conviction | Court |
| 2/23/58 | 1-2-3-4 | Mag. W. J. |
| Arresting Officer | Town | Warren |
| Norman Hill | Seaford | |

IMPORTANT—Report to be made to the Motor Vehicle Commission, Dover, Delaware, Immediately Upon Passing Sentence."

There is no transcript of the docket of the magistrate, certified by the magistrate, verified by the clerk or prothonotary of a court of record in the city or county wherein the magistrate has jurisdiction, nor is there a seal of the court setting forth the official character and authority of said magistrate, nor is there an attestation by the judge thereof. The certificate is clearly inadmissible. See I Henry on Pennsylvania Evidence, §358, p. 362.

Numerous decisions of the Supreme Court hold that section 616 of The Vehicle Code contemplates that the hearing on an appeal to a court of common pleas from an order of the Secretary of Revenue suspending an operator's license shall be de novo: Commonwealth v. Strobel, 375 Pa. 292, 100 A. 2d 43, and cases therein cited. Moreover it is established that on such an appeal at the hearing de novo neither the action of the Secre-

tary nor the testimony taken before his representative is properly part of the record of the case: Commonwealth v. Emerick, 373 Pa. 388, 395, 96 A. 2d 370.

In view of the above, it is difficult to see how this court can sustain the Secretary's action in this case. The record is barren of oral testimony and admissible documentary evidence. From the state of this record how can this court "determine anew whether the operator's license should be suspended": Commonwealth v. Wagner, 364 Pa. 566, 569, 73 A. 2d 676, quoting Commonwealth v. Funk, 323 Pa. 390, 399, 186 Atl. 65.

It is our conclusion that the Commonwealth on appeal must establish some violation of The Vehicle Code and inasmuch as the record of proceedings before the Secretary and his action are not admissible in evidence according to the decisions of the Supreme Court, the mere offer to introduce into evidence a certificate as herein above described does not establish a violation of The Vehicle Code.

On the basis of this record, we cannot find any facts which sustain the charge of operating a motor vehicle while under the influence of intoxicating liquor.

And now, September 9, 1959, the appeal is sustained and the action of the Secretary of Revenue is reversed.

And now, September 9, 1959, upon motion of counsel for the Commonwealth, an exception is noted.