Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant, *v.* Paul John Suor, Appellee.

Submitted on briefs, June 7, 1973, to Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*Stuart A. Liner,* Assistant Attorney General, with him *Anthony J. Maiorana,* Assistant Attorney General,

*Robert W. Cunliffe,* Deputy Attorney General, and *Israel Packel,* Attorney General, for appellant.

*Martin J. O'Brien,* for appellee.

OPINION BY JUDGE WILKINSON, August 6, 1973:

Appellee's operating privileges were suspended for his violation of Section 1002(b)(8) of The Vehicle Code, Act of April 29, 1959, P. L. 58, as amended, 75 P.S. §1002(b)(8), i.e., travelling 82 miles an hour in a 65-mile an hour zone. He appealed from the decision of the Secretary of Transportation to the Court of Common Pleas, Civil Division, where a de novo hearing was held. Only two witnesses were called, one of whom was the arresting officer who testified for the Commonwealth and the other the appellee who testified on his own behalf.

The court properly reviewed the entire record and did not merely examine whether there was any basis for the Secretary's decision. *See Commonwealth v. Halteman,* 192 Pa. Superior Ct. 379, 162 A. 2d 251 (1960). Unfortunately, the court applied the wrong measure of proof against which to measure whether the Commonwealth had proved its case on the appellee's violation of Section 1002(b)(8). The court, in its opinion filed January 29, 1973, states: "The burden was on the Commonwealth to establish the violation beyond a reasonable doubt. On the evidence presented the Court was not convinced beyond a reasonable doubt of the violation." The law is quite clear that the burden to be met by the Commonwealth is merely proof by a preponderance of the evidence. In *Commonwealth v. Funk,* 323 Pa. 390, 400, 186 A. 65, 70 (1936), our Supreme Court ruled specifically: "In criminal proceedings the guilt of the accused must be established beyond a reasonable doubt. *In a civil proceeding to*

*revoke a license it is sufficient if the offense be established by a preponderance of the evidence; . . . ."* (Emphasis supplied.) *See Commonwealth v. James,* 6 Pa. Commonwealth Ct. 493, 296 A. 2d 530 (1972), wherein this Court held that a license suspension appeal was a civil rather than a criminal matter. Indeed, it is interesting to note that in the caption of the January 20, 1973 opinion, the court indicates that it is in the "Civil Division—Law" of the Court of Common Pleas.

Therefore, it is necessary that this case be remanded to the court below to reconsider the record and make a finding based on the lesser burden of proof.

After the license had been suspended and the appeal filed, the lower court, on October 12, 1972, fixed the date for a hearing on December 11, 1972, and provided "this Appeal shall act as a Supersedeas for all purposes." When this order was received by the Secretary, he notified appellee that his license had been "Restored because of Supersedeas effective October 17, 1972." In the lower left-hand corner of the form used by the Secretary to so notify appellee, there was printed the statement: "NOTE: Your point record has been reduced to five (5) points." In this restoration notice is the first and only time points are mentioned. The license had not been suspended under the point system. Appellee had testified, uncontradicted, that this was his first arrest and, therefore, there were no points assessed against him at any time. Had the original notice of suspension referred in any way to the point system, there might have been some basis to say, as the lower court did in this case, that there may have been some confusion in the Secretary's mind when he made his decision on suspension as to whether this was a point case, which it was not. However, we can find no justification for the lower court to restore this license based on a clerical error in the routine notice of restoration,

which restoration action by the Secretary was mandated by the lower court and did not call for any discretion or decision on the part of the Secretary.

Accordingly, the order of the lower court, dated December 11, 1972, is reversed and set aside and the record remanded for the lower court to make findings and conclusions based on the Commonwealth proving its case by a preponderance of the evidence.