Thomas R. Dadey, Petitioner *v.* Commonwealth of Pennsylvania, Bureau of Employment Security, Department of Labor and Industry, Respondent.

Argued September 16, 1982, before Judges ROGERS, MACPHAIL and DOYLE, sitting as a panel of three.

*Thomas R. Dadey,* with him *Robert F. Frazier* and *Henry C. Berns, Breman & Berns,* for petitioner.

*Richard C. Lengler,* Assistant Counsel, with him *Daniel R. Schuckers,* Assistant Chief Counsel, for respondent.

OPINION BY JUDGE ROGERS, December 23, 1982:

This is an appeal by a Commonwealth employee taken pursuant to the Civil Service Act, Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §§741.1-742.4.

Thomas R. Dadey has filed a petition for review of an adjudication of the State Civil Service Commission dismissing his appeal from the action of the Department of Labor and Industry (L & I) of failing on July 19, 1979 to promote him from his position in the classified service of Employment Security Specialist I, regular status, in L & I's Office of Employment Security to the position of Appeals Referee I, regular status. On that date Florence Phillips was promoted to Appeals Referee I, regular status, instead of the petitioner. The petitioner has himself been working as an appeals referee out of his position of Employment Security Specialist I, apparently by temporary appointment, since October 5, 1979.

In August of 1976, as a result of a holding of a Federal District Court that delays in the processing of unemployment compensation claims of Pennsylvania applicants constituted a denial of due process, the competent authorities of L & I asked its Office of Employment Service in the Pittsburgh district to supply the names of district employees who would be willing to work temporarily in the extra position of appeals referee. The names of the three persons were duly supplied by the district manager of the Pittsburgh office. The petitioner's name was on the list of persons eligible for appointment; Phillips' name was not. L & I's Director of Employment Service in Harrisburg asked the Pittsburgh office to have Phillips submit an application. On September 15, 1976, Phillips,

who then held the permanent or regular position of Claims Examiner II, was chosen to work as an appeals referee by temporary appointment. The petitioner filed no appeal from that action.

Phillips continued to work as an appeals referee under temporary appointment until July 19, 1979, when she was promoted, without examination, to the position in the classified service of Appeals Referee I, regular status. This action of L & I, the petitioner says, was an act of discrimination against him.

It seems that at all times relevant there was a civil service promotion list of persons eligible to hold the position of Appeals Referee I, regular status, and that the petitioner's name was on this list. The petitioner timely appealed L & I's failure to appoint him to the position of Appeals Referee I, regular status, claiming that L & I's action of July 19, 1979 appointing Phillips was unlawfully discriminatory as based upon non-merit factors in violation of Sections 501 and 905.1 of the Civil Service Act, 71 P.S. §§741.501, 741.905a. Section 501 provides the means by which one may achieve appointment and promotion in the classified service and Section 905.1 forbids discrimination against persons with respect to personnel actions, including promotion because of in addition to other reasons non-merit factors.

The State Civil Service Commission concluded after hearing that the petitioner had introduced no credible evidence to support his charge of discrimination; that the promotion of Phillips to the position of Appeals Referee I, regular status, by the appointing authority was properly effected under Section 501 of the Act; and that L & I did not violate Section 905.1 by discriminating against the petitioner.

We should affirm the Commission's order if it is in accordance with the law, the findings of fact on which it is based are supported by substantial evidence, and

the petitioner's constitutional rights have been observed. *Department of Transportation v. State Civil Service Commission,* 5 Pa. Commonwealth Ct. 263, 290 A.2d 434 (1972).

As we have noted, Phillips was promoted to the position of Appeals Referee I, regular status, without examination after she had been doing the work of an appeals referee under a temporary appointment for more than two years. Section 501 provides that promotions

> based upon meritorious service and seniority [may be] accomplished by appointment without examination, if (i) the person has completed his probationary period in the next lower position, (ii) he meets the minimum requirements for the higher position, and (iii) he receives the unqualified recommendation of both his immediate superior and the appointing authority of his department or agency.

No serious question is raised concerning Phillips having met (ii) and (iii) and she had served in the position of Appeals Referee I by temporary appointment for longer than any probationary period required or indeed allowed by the Act or regulation. The petitioner's thesis is that Phillips had not served in the position next lower to that of Appeals Referee I, regular status, because her permanent or regular position was that of Claims Examiner II, a position he claims which is not next lower to Appeals Referee I. Therefore, the petitioner's argument goes, since he was on the eligible list for promotion after examination, the assertedly irregular promotion of Phillips was discriminatory as necessarily based on a non-merit factor. He cites *Lynch v. Department of Public Welfare,* 30 Pa. Commonwealth Ct. 235, 373 A.2d 469 (1977) holding that, although the Act provides no right to appeal to the State Civil Service Commission on the sole basis

of one's nonpromotion, one may claim discrimination under 905.1 and advance and attempt to demonstrate his superior qualifications for a position to which another was appointed in order to induce the State Civil Service Commission to infer that the appointing authority's failure to appoint him was based on non-merit factors and therefore discriminatory. The starting point for the petitioner has to have been, therefore, to prove the facts upon which the conclusion that could be reached that Phillips was not serving in the position next lower to Appeals Referee I, regular status, when on July 19, 1981 she was promoted to that position. The petitioner represented himself at the Civil Service Commission's hearing. Although he is well versed in the provisions of the Civil Service Act, he is not a lawyer; and unfortunately he failed to show, as it was his burden to do, what position was next lower to Appeals Referee I, regular status, or, indeed that Phillips was not serving in the position next lower to that of Appeals Referee I, regular status, when she was promoted. His efforts in this regard consisted of questioning officers of L & I and employees of the Office of Employment Security. These witnesses testified that they did not know what position was next lower to that of Appeals Referee I, regular status. L & I on the other hand produced as a witness a personnel analyst for the Office of Employment Security who professed knowledge of civil service matters and expressed the opinion that in the circumstances Phillips' appointment to Appeals Referee I, regular status, was altogether regular, and the petitioner failed to ask the witness any questions germane to the subject of what position was next lower to Appeals Referee I, regular status.

It is presumed that a public official performs acts in accordance with the law and that he has not done an act contrary to his official duties; and it was therefore

the petitioner's burden to show the contrary. *Beacom v. Robison,* 157 Pa. Superior Ct. 515, 43 A.2d 640 (1945). Having failed to prove what position was next lower to Appeals Referee I, regular status, he did not demonstrate that officials of L & I and the Office of Employment Security acted contrary to law in promoting Phillips to that position.[1]

Indeed, a case can be made for the conclusion that the position of appeals referee by temporary appointment was the position next lower to Appeals Referee I, regular status. The phrase "next lower position" is not defined in the Civil Service Act. The word "Position" is defined in Section 3(f), 71 P.S. §741.3(f), simply as "a group of current duties and responsibilities assigned or delegated by competent authority requiring the full-time or part-time employment of one person." The phrase "Temporary position," is defined at Section 3(j) as a "position in the classified service which arises out of temporary pressure of extra work. . . ."; and the word "Class" and the term "class of positions" are defined at Section 3(g), 71 P.S. §741.3(g), as a "group of positions . . . sufficiently similar in respect to duties and responsibilities thereof that the same descriptive title may be used for each of such positions, the same requirements as to experience, knowledge and ability are demanded of incumbents, . . . and the same schedule of compensation may be made to apply with fairness under like working conditions." Phillips held the extra position of

---

[1] The petitioner also advances the contention that Phillips' appointment was not based on seniority and meritorious service as the statute requires. He says that he proved that some persons employed by the Office of Employment Security in Pittsburgh should on seniority have been preferred to Phillips for the temporary appointment in 1976 and promotion in 1979. None of these persons testified that they wanted to be an appeals referee in 1979. With respect to merit, all of the evidence is to the effect that Phillips was always a valued employee and has been a very effective appeals referee.

appeals referee; this was certainly a position similar in duties and responsibilities and one which required the same knowledge and ability as all other positions bearing the name appeals referee including Appeals Referee I and it could reasonably be concluded to be the position next lower to that of Appeals Referee I, regular status.

In his brief the petitioner states as the questions involved only, "[w]as the determination of the Civil Service Commission based on an error of law?" and "[are] the conclusions of the Civil Service Commission supported by adequate finding of facts?" There follows in the body of the long brief a bewildering array of issues other than those already dealt with above. Although none is compelling, we mention them briefly. The Civil Service Commission was not required to consider whether Phillips' temporary appointment to the extra position of appeals referee in 1976 was proper because that action was not before it on this appeal; the record of the hearing does not as the petitioner argues, demonstrate that the Commission was partial or biased; and the question of the petitioner's veteran's preference, to which he contends the Civil Service Commission held he was not entitled, is not mentioned in the Commission's adjudication and was not required to be mentioned because the controlling issue and the one raised by the petitioner was that of the propriety of Phillips' appointment, not that of the petitioner's eligibility for appointment.

Order affirmed.

### ORDER

AND Now, this 23rd day of December, 1982, the order of the State Civil Service Commission dated October 15, 1980 is affirmed.

Judge DOYLE dissents.