In Re: Appeal of Allan L. Finkelstein from cancellation of drivers license. Allan L. Finkelstein, Appellant.

Submitted on briefs February 28, 1983, to Judges BLATT, WILLIAMS, JR. and BARBIERI, sitting as a panel of three.

*Marc Rosenwasser,* with him *Felix J. DeGuilio,* for appellant.

No appearance for appellee.

OPINION BY JUDGE BLATT, April 14, 1983:

Allan L. Finkelstein (appellant) appeals here an order[1] of the Court of Common Pleas of Allegheny County dismissing his appeal from the action of the Department of Transportation (DOT) in cancelling his driver's license pursuant to Section 1572 of the Vehicle Code, 75 Pa. C. S. §1572.[2]

The DOT argued to the trial court that, inasmuch as the appellant's license had been revoked in Georgia, which was his previous state of residence, he should never have received a license here. In support of this contention, the DOT introduced into evidence, over the specific timely objection of the appellant's counsel, a ''packet'' of documents containing mainly photo-

---

[1] The trial judge did not file an accompanying opinion in support of his ruling.

[2] This section reads:

The department may cancel any driver's license upon determining that the licensee was not entitled to issuance or that the person failed to give the required or correct information or committed fraud in making the application or in obtaining the license or the fee has not been paid. Upon the cancellation, the licensee shall immediately surrender the canceled license to the department.

copies of computer printouts from the Motor Vehicle Division of the State of Georgia and from the National Drivers Register showing numerous driving violations. It is undisputed that these documents were not certified or authenticated in any way by officials of the State of Georgia.

Our scope of review in license revocation cases includes, of course, determining whether or not the trial court has committed an error of law. *See Pratt v. Bureau of Traffic Safety,* 62 Pa. Commonwealth Ct. 55, 434 A.2d 918 (1981).

The appellant argues here that the ''packet'' of documents was inadmissible as hearsay, and, because the DOT offered no other evidence in support of its cancellation of the license, the DOT has failed to meet its burden of proof. *Bureau of Traffic Safety v. Suor,* 9 Pa. Commonwealth Ct. 503, 308 A.2d 646 (1973). The appellant cites to Section 5328(a) of the Judicial Code, 42 Pa. C. S. §5328(a) which provides:

§5328.  Proof of official records

(a) Domestic record.—An official record kept with the United States, or any state, district, commonwealth, territory, insular possession thereof, or the Panama Canal Zone, the Trust Territory of the Pacific Islands, or an entry therein, when admissible for any purpose, may be evidenced by an official publication thereof or by a copy attested by the officer having the legal custody of the record, or by his deputy, and accompanied by a certificate that the officer has the custody. The certificate may be made by a judge of a court of record having jurisdiction in the governmental unit in which the record is kept, authenticated by the seal of the court, or by any public officer having a seal of office and having official

duties in the governmental unit in which the record is kept, authenticated by the seal of his office.

Without the proper certification from the Georgia officials, therefore, the printouts here concerned were clearly written statements, made by an individual who is unavailable to testify and therefore unavailable for cross-examination, and they are offered to prove the truth of the matters asserted therein. 1 G. Henry, Pennsylvania Evidence 433-36 (definition of hearsay). And Section 5328 of the Judicial Code, by requiring certification of such records from another jurisdiction, provides a means for rendering them reliable and obviates the need for oral testimony to authenticate the writings.

The DOT, however, did not follow the instructions of Section 5328. And the trial judge was therefore in error in receiving the documents as evidence. As a result the DOT has not met its burden. *Suor.*[3] The only unobjectionable evidence in the record is the testimony of the appellant, who merely stated that he never received notification of license revocation by the State of Georgia, and he therefore assumed that he was eligible for licensure in this Commonwealth. Obviously this does not meet the DOT's burden either, but on the other hand, works to rebut it.

We must, therefore, reverse the order of the trial court.

ORDER

AND Now, this 14th day of April, 1983, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is hereby reversed.

---

[3] In *Schreffler License*, 20 Pa. D. & C. 2d 634 (1959), a factually similar case, motor vehicle records from Delaware were ruled inadmissible due to their lack of verification or attestation.