507 A.2d 1299

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant *v.* Gerard J. Dauer, Appellee.

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant *v.* Gerard J. Dauer, Appellee.

Submitted on briefs March 3, 1986, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

542

*Harold H. Cramer,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellant.

No appearance for appellee.

OPINION BY JUDGE CRAIG, April 23, 1986:

The Pennsylvania Department of Transportation appeals from an order of the Court of Common Pleas of Allegheny County which set aside the department's revocation of Gerard J. Dauer's vehicle operating privileges for two consecutive periods of one year under section 1532(a)(1) of the Vehicle Code.[1] We affirm that order.

In July of 1983, the driver pleaded guilty to two criminal charges, theft by unlawful taking or disposition[2] and receiving stolen property.[3] The property involved in the criminal proceeding was a truck. On April 5, 1984, the department notified the driver that, as a result of his two convictions, the department was revoking his operating privileges for two consecutive one-year

---

[1] Section 1532(a)(1) of the Vehicle Code, Act of June 17, 1976, P.L. 162, *as amended,* 75 Pa. C. S. §1532(a)(1).

[2] Section 3921(a) of the Crimes Code, Act of December 6, 1972, P.L. 1482, *as amended,* 18 Pa. C. S. §3921(a).

[3] Section 3925 of the Crimes Code, 18 Pa. C. S. §3925.

periods under section 1532(a) which mandates revocation for a felony conviction "in the commission of which a court determines that a vehicle was essentially involved."

The department asserts that it properly revoked the driver's privileges because it received a certified record from the Court of Common Pleas of Butler County on a Butler County form with a heading indicating that the driver's conviction was for a crime in the commission of which a vehicle was essentially involved. The department further asserts that the trial court erred as a matter of law[4] because the driver failed to rebut the presumption that the clerk of courts was performing in accordance with the law and following his official duties in reporting the convictions to the department upon such a form. *Dadey v. Bureau of Security,* 70 Pa. Commonwealth Ct. 513, 453 A.2d 702 (1982).

Because section 1532(a) mandates the one-year revocation whenever the department receives a certified record that a *court* has determined that the conviction was of a crime essentially involving a vehicle, the issue is whether the trial court erred in finding that the department's record contained no adequate certification of such a determination by the criminal court itself.

The criminal court judge had sentenced the driver to two years of probation with the Butler County Adult Probation Service, imposed a fine and restitution costs, and suggested that the driver's probation be transferred to Maryland, his state of residence.

To rebut the presumption that the clerk of courts acted according to his lawful duties, the driver asserted that the criminal court judge did not make the required

---

[4] This court's scope of review in license revocation cases includes determining whether or not the trial court has committed an error of law. *Appeal of Finkelstein,* 73 Pa. Commonwealth Ct. 417, 458 A.2d 326 (1983).

544

affirmative finding. In support of that assertion, the driver noted that the judge's order only indicated that "[t]he clerk of courts is directed to certify this to Harrisburg." After noting that the criminal court order contained no actual determination that a vehicle was essentially involved, the trial judge in this case referred to the direction to "certify this to Harrisburg," and stated that:

> This could have also been a reference to Harrisburg referring to either the Correctional Department or probation aspect of it or some other agency that may be in Harrisburg .... the Court determines, not the Clerk, that the vehicle was essentially involved .... there is no evidence to suggest that a Court determined that a vehicle was essentially involved.

Because the trial judge was correct in concluding that the driver successfully demonstrated that the criminal court judge never made the essential affirmative finding, we must affirm the order to set aside the revocation.

### ORDER IN 3502 C.D. 1984

Now, April 23, 1986, the order of the Court of Common Pleas of Allegheny County, No. SA 495-1984, dated October 25, 1984, is affirmed.

### ORDER IN 3503 C.D. 1984

Now, April 23, 1986, the order of the Court of Common Pleas of Allegheny County, No. SA 496-1984, dated October 25, 1984, is affirmed.