519 A.2d 565

David J. Mishler, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellee.

Submitted on briefs September 8, 1986, to Judges MACPHAIL and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*William W. Boyd,* for appellant.

*Harold H. Cramer,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellee.

OPINION BY JUDGE PALLADINO, December 29, 1986:

David J. Mishler (Petitioner) appeals from the order of the Court of Common Pleas of Lancaster County (trial court) which dismissed Petitioner's appeal from the revocation of his vehicle operating privileges for a period of nine years by the Department of Transportation (DOT). This revocation was imposed in accordance with Sections 1532(a)(1), 1542(b)(5) and 1542(e) of The Vehicle Code (Code).[1] We affirm.

---

[1] 75 Pa. C. S. §1532(a)(1) states in pertinent part:

§1532. Revocation or suspension of operating privilege

(a) Revocation.—The department shall revoke the operating privilege of any driver for one year upon receiving a certified record of the driver's conviction of any of the following offenses:

(1) Any felony in the commission of which a court determines that a vehicle was essentially involved.

75 Pa. C. S. §1542(a) states in pertinent part:

§1542. Revocation of habitual offender's license

(a) General rule.—The department shall revoke the operating privilege of any person found to be a habitual offender pursuant to the provisions of this section. A "habitual offender" shall be any person whose driving record, as maintained in the department, shows that such person has accumulated the requisite number of convictions for the separate and distinct offenses described and enumerated in subsection (b) committed after the effective date of this title and within any period of five years thereafter.

Petitioner pled guilty on November 21, 1983, to two counts of Theft by Unlawful Taking[2] and two counts of Receiving Stolen Property.[3] All of these offenses to which the Defendant pled guilty were felonies, and Petitioner was sentenced pursuant to a negotiated plea agreement. The Clerk of Courts of Lancaster County forwarded to DOT a certification of conviction, pursuant to Section 6323 of the Code,[4] upon which the words "Motorcycle Involved" were typed. As a result, DOT notified Petitioner that his vehicle operating privileges were being revoked for consecutive periods of one, one, five and two years pursuant to Sections 1532(a)(1), 1542(b)(5) and 1542(e) of the Code. Petitioner appealed the revocation to the trial court. The trial court held a de novo hearing and, after presentation of evidence, upheld the revocations at issue in this appeal.

---

75 Pa. C. S. §1542(b)(5) states in pertinent part:
(b) Offenses enumerated.—Three convictions arising from separate acts of any one or more of the following offenses committed either singularly or in combination by any person shall result in such person being designated as a habitual offender:
(5) Any felony in the commission of which a court determines that a vehicle was essentially involved.
75 Pa. C. S. §1542(e) states:
(e) Additional offenses.—Any additional offense committed within a period of five years shall result in a revocation for an additional period of two years.

[2] 18 Pa. C. S. §3921(a).
[3] 18 Pa. C. S. §3925
Petitioner also received a notice of revocation as a result of his conviction of violating Section 903 of The Crimes Code, (Conspiracy), 18 Pa. C. S. §903. However, the trial court sustained Petitioner's appeal to this revocation, and it is not at issue in the instant appeal.
[4] 75 Pa. C. S. §6323 states in pertinent part:
§6323. Reports by courts
Subject to any inconsistent procedures and standards relating to reports and transmission of funds prescribed pursu-

On appeal to this Court, Petitioner argues that the Clerk of Courts erred in forwarding the certification of conviction forms to DOT because there is no record reflecting that, during the criminal proceedings, the *court* made a specific determination that Petitioner had been convicted of a felony in the commission of which a motor vehicle was essentially involved, as required by Sections 1532 and 1542 of the Code. As a result of this error, Petitioner contends that his license should be restored to him.

In contrast, DOT asserts that the revocation was proper because it received, from the Clerk of Courts, a Lancaster County form with a heading which stated:

Report of the Clerk of Court showing the conviction or acquittal of any violation of the Crimes Code or of any other act in the commission of the crime in which a motor vehicle was used.

DOT argues that the mandate of Sections 1532 and 1542 of the Code is met because the law presumes that a public official's actions are taken pursuant to the proper authority, and thus, it can be presumed that the trial court made the "essentially involved" determination as evidenced by the Clerk of Courts forwarding the afore-mentioned form.

Our scope of review of a license revocation includes determining whether the trial court has committed an error of law. *In Re: Appeal of Finkelstein*, 73 Pa. Commonwealth Ct. 417, 458 A.2d 326 (1983).

In *Rosenblatt v. Pennsylvania Turnpike Commission*, 398 Pa. 111, 157 A.2d 182 (1959), the Supreme Court

ant to Title 42 (relating to judiciary and judicial procedure):

(2) A record of the judgment shall also be forwarded to the department upon conviction or acquittal of a person of a felony in the commission of which the judge determines that a motor vehicle was essentially involved.

rejected Appellant's argument that a plan of the Turnpike Commission was never formally adopted by the Commission since the approval was signed only by its secretary and treasurer. The argument that this signature only evidenced the secretary and treasurer's approval was held to be without merit, because in the absence of proof to the contrary, the law presumes that a public official's actions were pursuant to proper authority and that the steps necessary to give validity to his official acts were duly taken.

The burden, then falls on Appellant to prove that when the clerk of courts forwarded to DOT the aforementioned form, the court had not determined that a vehicle was essentially involved. To this end, Appellant asserts that the record forwarded to DOT does not reflect that the criminal court judge made the essentially involved determination. Rather, he asserts that the form sent to DOT merely reflects the clerk of courts' determination.[5] Here, however, we are met with the fact that the trial judge in the suspension appeal was the same judge who presided over the criminal proceedings. As such, at the de novo hearing the trial judge took judicial notice of facts within his actual knowledge. Specifically, during the hearing at which Appellant pled guilty, the trial judge recounted testimony from police officers that Appellant was involved in a substantial motorcycle theft operation. The trial court rejected the argument that his clerk of courts erroneously determined a vehicle was essentially involved. The trial judge held "without any doubt[,] that a motor vehicle, namely motorcycles, were essentially involved in these offenses to which Petition-

---

[5] This Court recently addressed the same issue in *Department of Transportation v. Dauer*, 96 Pa. Commonwealth Ct. 541, 507 A.2d 1299 (1986), but *Dauer* is factually distinguishable because, here, the trial judge for the suspension appeal was the same judge who presided over the criminal proceedings.

er, David J. Mishler, pled guilty."[6] This finding by the trial court obviates reliance on the mere presumption that the clerk of courts acted pursuant to the proper authority.

Given the unique factual situation present in this case, namely, that the same judge presided at both the criminal trial and the appeal from DOT's suspension, we conclude that the statutory requirement was met. Accordingly, we affirm.

ORDER

AND NOW, December 29, 1986, the order of the Court of Common Pleas of Lancaster County, No. 840743, dated June 20, 1984, is hereby affirmed.

[6] *Commonwealth of Pennsylvania v. David J. Mishler,* No. 840743 (C.P. Lancaster County, filed June 21, 1984).