## Commonwealth v. Tardiff

*Robert M. Rovine, deputy attorney general,* for PennDOT.

*Sanford A. Krevsky,* for defendant.

DOWLING, *J.,* December 31, 1987—Petitioner appeals the action of the director of the Pennsylvania Department of Transportation in cancelling his driver's license pursuant to section 1572 of the Vehicle Code which states that "[PennDOT] may cancel any driver's license upon determining that the licensee was not entitled to issuance. . . ." 75 Pa.C.S. §1572.

A hearing was held November 23, 1987, at which PennDOT submitted to the court a "packet" of seven documents to substantiate its action. The packet consists primarily of correspondence between PennDOT, the National Driver Registry and the California Department of Motor Vehicles, the most important of which is a copy of petitioner's driver-record information from California.

The evidence shows that petitioner moved to Pennsylvania on June 6, 1987, from California. He applied for and received a Pennsylvania driver's license based on the license he held in California.

Thereafter, on June 23, 1987, petitioner's California license was revoked, effective June 27, 1987, pursuant to section 13953 of the California Vehicle Code. That section states, in pertinent part, that "in the event the Department determines upon investigation or re-examination that the safety of the person subject to investigation or re-examination or other persons upon the highways require such action, the Department shall forthwith and without hearing suspend or revoke. . . ." Based upon the California revocation, PennDOT cancelled petitioner's license, hence this appeal.

The issue before the court is whether PennDOT presented sufficient evidence to meet its burden of showing that petitioner was not entitled to the issuance of a Pennsylvania license. The only evidence submitted on this point is petitioner's driver-record information from California. That document indicates that petitioner was cited in 1985 for violations of sections 35551.A and 24002 of the California Vehicle Code and that his license was revoked in 1987 pursuant to section 13953, supra. We note initially that section 35551.A pertains to the computation of allowable gross weight of tractor-trailers and thus has nothing to do with the competency or fitness of the driver. Section 24002 titled "Vehicle not equipped or unsafe," likewise does not pertain to driver competency. The question thus remaining is whether a sister-state's revocation of driving privileges for alleged safety reasons is sufficient to support a cancellation under section 1572.

Our search discloses only one case dealing with a cancellation under section 1572. In *In re: Appeal of Finkelstein,* 73 Pa.Commw. 417, 458 A.2d 326 (1983), PennDOT submitted to the trial court uncertified photocopies of the motorist's Georgia driver record in support of the license cancellation

over a "specific timely objection" to their admissibility by the motorist's counsel. Commonwealth Court held that without the proper certification or authentication, the documents were inadmissible, and therefore, failed to meet its burden. Implicit in *Finkelstein* is the notion that had the documents been certified, the commonwealth would have sustained its burden.

In the instant case, petitioner's driver record from California was not certified. This record was submitted to the court in the packet of documents, but no objection was made at the time of their submission. However, the top document is a certification by PennDOT which would lead one to believe that all of the documents were, in fact, certified. Additionally, petitioner's post-hearing memorandum does note an objection to their lack of certification. Given the circumstances of the instant case, we find petitioner's objection to be timely made. On this basis alone, the commonwealth failed to meet its burden.

Even assuming its admissibility, we find that the commonwealth's evidence was not sufficient in the instant case. The California revocation is based on alleged "safety" reasons. There is no explanation or factual suppport for the revocation other than a citation to a statute. Petitioner's testimony indicates that he held a Class I California license which entitled him to drive tractor-trailers. We find this credible because the two 1985 Vehicle Code violations pertain to tractor-trailers. In Pennsylvania, however, petitioner seeks to drive only an automobile. He testified that he felt qualified to drive and that he was a safe driver. Thus, to the extent that the California revocation concerns tractor-trailer driving privileges, it is irrelevant to petitioner's desire to drive a car. No other evidence was presented which

would indicate that petitioner is an unsafe driver. If PennDOT has cause to believe that petitioner is not qualified to drive, it may compel an appropriate examination. 75 Pa.C.S. §1519. But on this minimal record, the commonwealth has failed to meet its burden.

Accordingly, we enter the following

### ORDER

And now, this December 31, 1987, petitioner's appeal is sustained and the order of the Secretary of Transportation cancelling the operating privileges of petitioner is reversed and his operator's license reinstated.