540 A.2d 990

Richard S. Stephenson, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellee.

Submitted on briefs February 26, 1988, before Judges COLINS and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Steven M. Carr, Stock and Leader,* for appellant.

*Harold H. Cramer,* Assistant Counsel, with him, *John L. Heaton,* Chief Counsel, for appellee.

OPINION BY SENIOR JUDGE BARBIERI, May 3, 1988:

Richard S. Stephenson appeals an order of the York County Court of Common Pleas dismissing his appeal of the Pennsylvania Department of Transportation's (DOT) revocation of his operating privilege for a period of one year in accordance with Section 1532(a)(1) of the Vehicle Code (Code).[1]

On November 18, 1983, Stephenson entered a plea of guilty, before the Lancaster County Court of Common Pleas, to violating Section 13(a)(30) of the Controlled Substance, Drug, Device and Cosmetic Act.[2] On November 28, 1983, pursuant to Section 6323(2) of the Code[3], the Lancaster County Clerk of Courts' office forwarded to DOT a certification of Stephenson's conviction. The certification was on an official form provided by DOT for this purpose and included the sentence Stephenson received along with a notation of "vehicle involved". For some reason, DOT did not receive the certification until December 29, 1983.

Stephenson was sentenced to a prison term and released on July 4, 1984. By official notice dated October

---

[1] 75 Pa. C. S. §1532(a)(1).

[2] Act of April 14, 1972, P.L. 233 *as amended,* 35 P.S. §780-113(a)(30).

[3] 75 Pa. C. S. §6323(2).

24, 1985, DOT notified him that his operating privilege was being revoked for a period of one year as a result of the November 18, 1983 guilty plea.[4] After a hearing, the York County Court of Common Pleas denied Stephenson's appeal of the revocation and this appeal followed.

Stephenson contends that the trial court erred in denying his appeal because there was no evidence that the criminal court made a determination that a vehicle was essentially involved in the offense to which he entered a guilty plea on November 18, 1983. Stephenson also contends that he was prejudiced by DOT's failure to revoke his operating privilege for twenty-two months after receiving the certification of conviction from the office of the Lancaster County Clerk of Courts.

Our scope of review in a license suspension case is limited to determining whether the findings of the trial court are supported by competent evidence, whether there has been an erroneous conclusion of law or whether the trial court's decision demonstrates a manifest abuse of discretion. *Wheatley v. Pennsylvania Department of Transportation,* 104 Pa. Commonwealth Ct. 171, 521 A.2d 507 (1987).

Section 1532(a) of the Code provides in pertinent part as follows:

Revocation—The department shall revoke the operating privilege of any driver for one year upon receiving a certified record of the driver's conviction of any of the following offenses:

(1) Any felony in the commission of which a *court* determines that a vehicle was essentially involved. (Emphasis added.)

---

[4] On appeal from the suspension, Stephenson testified before the trial court that the delivery of cocaine which he pled guilty to took place in another individual's automobile. Notes of Testimony from August 25, 1986, hearing before the trial court (N.T.) at 11.

Stephenson was the only witness to testify before the trial court. He testified that at the time he entered his guilty plea, the trial judge made no inquiries as to whether a motor vehicle had been involved in the commission of the offense. He testified further that nothing was said at that time concerning a possibility that his operating privilege would be revoked.[5] DOT introduced three exhibits into evidence: (1) the official notice of revocation of operating privilege, dated October 24, 1985; (2) a certified copy of Stephenson's driving record; and (3) the certification of conviction from the Lancaster County Clerk of Courts' office containing the notation "vehicle involved".

Section 6323(2) of the Code provides that the clerk of courts is to forward to DOT a record of judgment upon a licensee's conviction "of a felony in the commission of which the *judge* determines that a motor vehicle was essentially involved." (Emphasis added.) The certification from the Lancaster County Clerk of Courts' office containing the notation "vehicle involved" was the only evidence from which the trial court could have found that there was a judicial determination that a vehicle was essentially involved in the felony to which Stephenson pled guilty on November 18, 1983.

Absent proof to the contrary, the law presumes that a public official such as a clerk of courts was properly performing his or her duties in certifying a conviction to DOT. *Mishler v. Department of Transportation,* 102 Pa. Commonwealth Ct. 618, 519 A.2d 565 (1986). The burden then falls on the licensee to prove that there was no judicial determination that a vehicle was essentially involved in the felony for which he was convicted at the time the clerk of courts forwarded the certification of conviction. *Id.*

---

[5] N.T. at 6, 12.

We have held that where a licensee has shown that a criminal court judge has never made an affirmative finding that a vehicle was essentially involved, the revocation must be set aside. *Department of Transportation, Bureau of Driver Licensing v. Dauer*, 96 Pa. Commonwealth Ct. 541, 507 A.2d 1299 (1986). In *Dauer*, DOT submitted a form from the Butler County Clerk of Courts indicating the licensee's conviction for a crime in the commission of which a vehicle was essentially involved. The trial judge in that case determined that the criminal court order contained no actual determination that a vehicle was essentially involved in the commission of the crime for which the licensee was convicted.

Although in the present case the order of the Lancaster County Court of Common Pleas was not admitted into evidence, there was uncontroverted testimony by Stephenson himself that at the time he entered his plea of guilty, there was no discussion as to whether or not a vehicle was involved in the commission of the crime. Therefore, Stephenson rebutted the presumption that the Lancaster County Clerk of Courts' office properly performed its duty under Section 6323(2) of the Code by forwarding the certification of conviction to DOT after a *judge* determined that a motor vehicle was essentially involved.

The trial court relied on our decision in *Oden v. Commonwealth of Pennsylvania*, 86 Pa. Commonwealth Ct. 215, 484 A.2d 837 (1984), in dismissing Stephenson's appeal. Although the facts in *Oden* were similar to those in the present case, the issue we were faced with there was whether DOT may revoke a licensee's operating privilege pursuant to Section 1532(a)(1) of the Code where the revocation is not specifically provided for in the licensee's plea agreement. Here the issue is whether the trial court erred in concluding that the criminal court made the requisite finding that a vehicle was es-

sentially involved in an offense to which Stephenson pled guilty. We hold that the trial court did err in reaching this conclusion.[6] Accordingly, the order of the trial court denying Stephenson's appeal and reinstating the one year revocation of his operating privilege is reversed.

## ORDER

AND NOW, this 3rd day of May, 1988, the order of the York County Court of Common Pleas in the above-captioned matter is reversed.

---

[6] In light of the foregoing discussion, we need not address the additional issue which Stephenson raises.