## PennDOT v. Walck

*Marc Werlinsky, assistant counsel,* for the Commonwealth.

*Eugene F. Jarrell III,* for defendant.

FITZPATRICK, *J.,* August 10, 1992—On March 4, 1992, the Commonwealth of Pennsylvania Department of Transportation suspended the Pennsylvania driver's license of petitioner Stanley P. Walck. Petitioner appealed the suspension to this court. After a de novo hearing, this court upheld the suspension pursuant to section 1572 of the Pennsylvania Vehicle Code, 75 Pa.C.S §1572. Petitioner subsequently appealed this court's decision necessitating this opinion.

The facts are largely undisputed. In 1986, petitioner was twice convicted for driving under the influence in New Jersey. As a result, petitioner's New Jersey driver's

license was suspended. It appears that no attempt was made by petitioner to renew the New Jersey license.

In 1990, petitioner was issued a standard Pennsylvania driver's license. Two years after the issuance of this license, petitioner applied for a commercial driver's license. Upon receipt of this application, PennDOT researched the National Driving Register and discovered petitioner's previous DUI convictions and the suspended status of his New Jersey driver's license. Pursuant to section 1572 of the Pennsylvania Vehicle Code, PennDOT denied petitioner's application for a commercial license and suspended his standard driver's license.

On appeal, petitioner contends that the New Jersey abstract of his driving history record which depicted the suspension of his driver's license in that state was inadmissible pursuant to section 5328(a) of the Pennsylvania Judicial Code, 42 Pa.C.S §5328(a). Alternatively, he asserts that even if the abstract was admissible, PennDOT failed to sustain the burden of proof necessary to suspend his license.

Section 5328(a) provides that official records are admissible when accompanied by a certification authenticated by the seal of the court or any public official having the seal of office. 42 Pa.C.S §5328(a); *Commonwealth v. Finklestein,* 73 Pa. Commw. 417, 458 A.2d 326 (1983). Petitioner contends that the PennDOT certification which contained the New Jersey abstract lacked an original signature and a seal of office.

After careful review of the PennDOT certification and the New Jersey abstract, this court finds the documents. The certification was imprinted with the seal of the Pennsylvania Department of Transportation, Bureau of Drivers Licensing and complied with the standards set out in section 5328(a) of the Vehicle Code. The statute is silent as to the need for a genuine signature on the certification.

The certification provides that the New Jersey abstract is a full, true and correct copy. That representation is consistent with the guidelines set out in section 5328 and with *Finklestein.*

Section 1572 of the Vehicle Code provides that PennDOT "shall cancel a driver's license issued during the period of another state's suspension or revocation following an offense which resulted in an out-of-state suspension or revocation if the offense would result in suspension or revocation under this title." 75 Pa.C.S §1572.

Specifically, petitioner argues that PennDOT failed to establish that his Pennsylvania license was issued during the period of a foreign state's suspension. Petitioner also argues that PennDOT failed to meet its burden in proving that petitioner committed an offense which would result in the suspension or revocation of a driver's license if committed in Pennsylvania. Finally, petitioner asserts that PennDOT went beyond the authority established by section 1572 of the Vehicle Code.

Petitioner's New Jersey operating status was suspended in 1986 and remains as such. Section 1572 entitles PennDOT to suspend a driver's license issued during the period of another state's suspension. PennDOT established petitioner's suspended status in New Jersey through the admission of the certified abstract of the petitioner's New Jersey driving record. Petitioner is presently under suspension in New Jersey and the license will not be reinstated until petitioner takes the steps necessary to cure his status in that jurisdiction.

If the New Jersey suspension had been discovered by PennDOT in 1990, the Pennsylvania license would not have been issued. Counsel for PennDOT informed this court that the National Driving Register Service was not used in this Commonwealth at that time. Section 3731

of the Pennsylvania Vehicle Code, 75 Pa.C.S. §3731, provides for license suspension for a DUI conviction. Therefore, petitioner's Pennsylvania driver's license was issued during the period of another state's suspension as the result of an offense which would have resulted in suspension in this Commonwealth.

The certified abstract of petitioner's New Jersey driving record was admissible evidence and PennDOT fulfilled the burden of proof established by section 1572 of the Pennsylvania Vehicle Code. This court finds that PennDOT properly suspended petitioner's Pennsylvania driver's license and properly denied his application for a commercial license. For the above reasons, the order of May 4, 1992, was entered dismissing petitioner's appeal and reinstating the cancellation of his Pennsylvania driver's license.