# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Adam Jay Stewart,<br>                       Petitioner<br><br>            v.<br><br>Commonwealth of Pennsylvania,<br>Department of Transportation,<br>Bureau of Driver Licensing,<br>                    Respondent | :<br>:<br>:<br>:   No. 235 C.D. 2019<br>:   Submitted: September 27, 2019<br>:<br>:<br>:<br>: |

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE ROBERT SIMPSON, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY SENIOR JUDGE SIMPSON**       **FILED:**    **December 12, 2019**

      Adam Jay Stewart (Stewart), who suffered multiple convictions for underage drinking, each of which triggered a driver's license suspension, sought a probationary driver's license pursuant to Section 1554 of the Vehicle Code, 75 Pa. C.S. §1554 (titled "Probationary license"). He petitions for review of an order by the Executive Deputy Secretary for Transportation (Executive Deputy Secretary) which denied exceptions to a proposed report of a Department of Transportation (Department) hearing officer, thereby effectively denying Stewart's request for a probationary license. Stewart asserts that he exceeded the statutory minimum cumulative term of suspensions and earned the statutory minimum credit to qualify for a probationary license. He also challenges the Executive Deputy Secretary's authority to deny his exceptions. We affirm.

## I. Background

Stewart's driving history is not in dispute. In 2010, he was convicted three times for underage drinking, which carried escalating statutory license suspensions of 90 days, 1 year, and 2 years. Pursuant to the prevailing statutory procedure at the time,[1] Stewart acknowledged these three suspensions by affidavit filed November 2010. At that time, he began earning credit toward these suspensions.

In 2013, however, Stewart was convicted of two additional underage drinking violations (Offense #4 and Offense #5). Corresponding to these offenses, the Department then suspended Stewart's driving privilege for two years for each offense, for a total of four years. In November 2015, Stewart appealed the underlying underage drinking convictions for Offense #4 and Offense #5 in the Court of Common Pleas of Bucks County (trial court). Recognizing a timing issue, the trial court scheduled a hearing and stayed the two suspensions pending resolution of a request for *nunc pro tunc* relief. Reproduced Record (R.R.) at 14a.

Apparently, nothing was resolved in the trial court until Stewart withdrew his appeals in October 2017. In the meantime, Stewart finished serving his suspensions on the first three underage drinking convictions, and his driving privilege was restored in January 2016, pending resolution of his appeals in the trial court. R.R. at 7a, 137a-38a. Stewart had a valid driver's license from January 2016

---

[1] See 75 Pa. C.S. §1541 (titled "Period of disqualification, revocation or suspension of operating privilege"). Act of July 20, 2017, P.L. 333, No. 30, rewrote subsection (a) and deleted subsection (e), but neither change impacts the resolution of this case.

2

until his suspensions for Offense #4 and Offense #5 were re-imposed in November 2017, following the withdrawal of his appeals. Id.

Stewart surrendered his license to the Department on November 28, 2017. Relevant here, he began receiving credit towards his four years of re-imposed suspensions at that time. Id.

On January 12, 2018, Stewart filed a Petition for Probationary License (Petition) with the Department. The Department denied the Petition, reasoning he did not qualify for the statutory minimum suspension time of five years. R.R. at 218a-19a. Stewart requested an administrative hearing, which was held by a hearing officer.

At the June 2018 hearing before the hearing officer, the Department called one witness, who identified the Department's records. Stewart's attorney offered the Petition and other documents. All exhibits were received. Attorneys representing the Department and Stewart made arguments.

Later, in June 2018, the hearing officer filed a proposed report, which made findings and conclusions, and recommended that the Department's denial of Stewart's Petition be affirmed. Essentially, the hearing officer concluded that Stewart failed to meet two statutory thresholds for a probationary license. First, when Stewart filed his Petition on January 12, 2018, his accumulated term of suspension was only four years; whereas, Section 1554(a)(2) of the Vehicle Code, 75 Pa. C.S. §1554(a)(2), sets a threshold requirement of five or more years. See

Hr'g Officer Proposed Report, 6/26/18 (Proposed Report), at 10. Second, when Stewart filed his Petition on January 12, 2018, Stewart had less than two years' suspension credit, having just started to earn credit on his reinstated four years' suspension on November 28, 2017; however, under Section 1554(b)(2)(i) of the Vehicle Code, 75 Pa. C.S. §1554(b)(2)(i), a person with one to seven offenses must have earned at least three years of credit. Proposed Report at 10.

In response to exceptions filed by Stewart to the Proposed Report, the Executive Deputy Secretary reviewed the matter. He filed a Determination and Order denying the exceptions, adopting the Proposed Report, and making it final. Stewart now petitions this Court for review of the Executive Deputy Secretary's Order dated February 19, 2019.[2]

## II. Contentions

Stewart argues he is entitled to a probationary license because his five convictions for underage drinking resulted in driver's license suspensions for a total of 7 years and 90 days. Thus, he satisfies the statutory minimum suspension time of five or more years.

---

[2] Section 1554(j) of the Vehicle Code provides in part that in an appeal from a denial of a probationary license, "[t]he hearing shall be conducted in accordance with 2 Pa. C.S. (pertaining to administrative law and procedure)." 75 Pa. C.S. §1554(j). In turn, 2 Pa. C.S. §704 (pertaining to appeals to an appellate court from a Commonwealth agency) provides in part that the court on appeal shall affirm the agency adjudication unless it shall find that the adjudication is in violation of the constitutional rights of the appellant, or is not in accordance with the law, or that the provisions relating to practice and procedure of Commonwealth agencies have been violated in the proceeding before the Commonwealth agency, or that any finding of fact made by the agency and necessary to support its adjudication is not supported by substantial evidence.

4

As to the statutory minimum credit requirement, Stewart asserts he was earning credit toward his suspensions from November 15, 2010, when he acknowledged his first three suspensions by affidavit. That credit ran until his driver's license was restored on November 23, 2015 (pending his appeals of the underlying convictions for Offense #4 and Offense #5 in the trial court). Despite the fact that he drove during the period of the appeal-related supersedeas, he already met the three-year minimum credit requirement. Moreover, he argues, the current suspensions for Offense #4 and Offense #5 are the very same suspensions that were on his record before his operating privilege was temporarily restored during the period of appeal-related supersedeas.

Finally, Stewart contends the Executive Deputy Secretary did not have the legal authority to rule on his exceptions because he was not the agency head at the time the decision was rendered.

In contrast, the Department argues that the Vehicle Code does not specify how "accumulated suspensions" are to be calculated in ascertaining the statutory thresholds for a probationary license. Nevertheless, it has been the Department's practice to make calculations on the date the probationary license petition is filed. Any other construction of the Vehicle Code would create an absurd result. When the Department received Stewart's Petition, he had accumulated four years' worth of suspensions and earned less than two years of credit toward his four-year term of suspensions. The Department properly disregarded past suspensions Stewart had already served and completed. Therefore, the Executive Deputy Secretary properly concluded Stewart was ineligible for a probationary license

5

because his driving privilege was not suspended for five or more years and because he failed to earn sufficient credit on his current suspensions.

Also, the Department asserts the Secretary of Transportation has the statutory authority to empower the Executive Deputy Secretary to act on her behalf.

### III. Discussion

The Vehicle Code has special provisions for probationary licenses. 75 Pa. C.S. §1554. Probationary licenses are restricted, non-commercial licenses, renewable on an annual basis, which allow operation by the holder of a specifically identified motor vehicle only between 6 a.m. and 7 p.m., unless the Department agrees to a later hour. See 75 Pa. C.S. §1554(a), (h). A violation of the term of a probationary license is a summary offense. Id.

A probationary license may be issued to certain habitual offenders and other persons with a significant "accumulation of suspensions or revocations."[3] See 75 Pa. C.S. §1554(a). Relevant here, the Department may issue a probationary license to "a person with an accumulation of suspensions or revocations wherein the cumulative term is five or more years." 75 Pa. C.S. §1554(a)(2) (emphasis added).

Moreover, to demonstrate amenability to the rehabilitative aspects of a probationary license, a person must have served certain minimum terms before being eligible to petition for a probationary license. 75 Pa. C.S. §1554(b)(2). Pertinent in

---

[3] Certain types of suspensions or other circumstances prevent the Department from issuing a probationary license. See 75 Pa. C.S. §1554(f). No prohibiting suspensions or circumstances are at issue here.

6

this case, "[a] person with one to seven offenses must have served at least a three-year term of suspension or revocation." 75 Pa. C.S. §1554(b)(2)(i).

For several reasons, we agree with the Department's approach to calculating the cumulative term of suspensions as of the date the petition is filed. First, the plain language of the statute speaks in the present tense, not in the past tense. Thus, the Department may issue a probationary license to a person whose "cumulative term [of suspensions] is five or more years." 75 Pa. C.S. §1554(a)(2). This provision of the statute does not look back, either expressly or by necessary implication.

Second, this plain-language, present tense reading is consistent with our Supreme Court's analysis in a distinct, but informative, license suspension context. In Rossi v. Department of Transportation, Bureau of Driver Licensing, 860 A.2d 64 (Pa. 2004), the licensee failed to take administrative steps to allow the Department to restore her suspended license. The Supreme Court held that her license remained suspended even though she completed serving the short term of her suspension. Because her license remained suspended, she was subject to further charges of driving while her license was suspended.

In this case, Stewart took the steps to have his license restored from his first three underage drinking offenses, and thus he was not legally suspended for those offenses when he petitioned for a probationary license. As such, those past three suspensions should not be counted when calculating Stewart's cumulative term of suspensions.

7

Third, to the extent there may be ambiguity in the "accumulated suspensions" language, we may consider statutory construction principles in interpreting the language. One of those principles is the presumption that the General Assembly does not intend a result that is absurd or unreasonable. 1 Pa. C.S. §1922(1). Stewart's undefined "look-back" interpretation would lead to an unreasonable result, most evident in situations where the "look-back" covers an extended period. By example, a licensee who accumulated significant suspensions as a young driver could forever satisfy the minimum cumulative term requirement, even decades later, if the long-past suspensions were counted. There is nothing in the language of Section 1554 that hints of such an intent by the General Assembly.

While we agree with the Department's approach to calculating the cumulative term of suspensions as of the date the petition is filed, we reach a different conclusion with regard to its calculation of time served toward the minimum credit requirement. Reading the plain words of the statute, the minimum earned credit provision is a look-back provision, and it speaks in a past tense. Thus, "<u>before</u> being eligible to petition for a probationary license," a person "<u>must have served</u> at least a three-year term of suspension or revocation." 75 Pa. C.S. §1554(b)(2) (emphasis added). There is no express limitation on the look-back period.

Stewart satisfied this minimum when he served the suspensions from his first three underage drinking offenses. His license was properly restored (pending disposition of his appeals) in January 2016. By his service of the three suspensions, and his apparently uneventful exercise of full operating privileges

8

thereafter, Stewart demonstrated his amenability to the rehabilitative aspects of a probationary license.

The Department argues that this interpretation leads to an absurd result because the Department would not be able to establish a clear and definite date from which to require a person to earn credit. Resp't's Br. at 16. The Department also argues that its administrative interpretation of Section 1554(b)(2) should be accorded "strong deference." Id.

The weakness within the Department's argument is its failure to identify any ambiguous language in Section 1554(b)(2) which could be construed as limiting the calculation of minimum credit to suspensions operative at the time the petition is filed. It is also noteworthy that the Department did not raise the minimum credit provision when it initially denied Stewart's petition. R.R. at 218a-19a (Department denial letter of February 2, 2018). This raises the question of whether the Department actually made the administrative interpretation for which it now seeks "strong deference."

Nevertheless, because Stewart needed to satisfy both the cumulative term of suspension requirement and the minimum credit requirement, we discern no reversible error in the outcome of the Executive Deputy Secretary's order.

Finally, Stewart argues that there is no valid adjudicatory order. He asserts the Executive Deputy Secretary did not have the legal authority to rule on his exceptions because only the agency head may rule on exceptions, and the Executive Deputy Secretary was not the agency head at the time. In support, Stewart relies on

Department regulations, specifically, 67 Pa. Code §491.12(a) ("A party desiring to appeal to the Secretary …."), and 491.12(c)(4) (a proposed order on exceptions "that is prepared for the Secretary's signature."). He also cites 1 Pa. Code §35.211 in the General Rules of Administrative Practice and Procedure, which provides for the filing of exceptions with the agency head.

Citing Sections 206 (titled "Department heads") and 213 (titled "Deputies") of The Administrative Code of 1929 (Administrative Code), 71 P.S. §§66, 73,[4] the Department contends that the Secretary of Transportation is

_____

[4] Act of April 9, 1929, P.L. 177, as amended, 71 P.S. §§51–726. Section 206 of the Administrative Code, 71 P.S. §66, provides in pertinent part:

> Each administrative department shall have as its head an officer who shall, either personally, by deputy, or by the duly authorized agent or employe of the department, and subject at all times to the provisions of this act, exercise the powers and perform the duties by law vested in and imposed upon the department.

> The following officers shall be the heads of the administrative departments following their respective titles:

> ***

> Secretary of Transportation, of the Department of Transportation[.]

> ***

Section 213 of the Administrative Code, 71 P.S. §73, provides in pertinent part:

> The Governor shall appoint and fix the compensation of such number of deputy heads of administrative departments, except those of the Department of Auditor General and Treasury Department, as the Executive Board shall approve, who shall, in the absence of the head of such department, have the right to exercise all the powers and perform all the duties by law vested in and imposed upon the head of such department, except the power to appoint bureau or division chiefs, or other assistants or employes, and who may, at any

10

empowered to administer the Vehicle Code either in person or by one of her deputies. The Executive Deputy Secretary is empowered to act on behalf of the Secretary except in situations where the Constitution mandates the Secretary to act personally, and when it concerns the appointment of bureau or division chiefs, assistants and employees. Neither of those situations exists here.

We agree with the Department that Stewart's argument on this point lacks merit. Consistent with Sections 206 and 213 of the Administrative Code, the Secretary may act through a deputy when entertaining an appeal from the denial of a probationary license pursuant to Section 1554(j) of the Vehicle Code, 75 Pa. C.S. §1554(j). This is especially true considering the presumed regularity of the acts of public officials, where, as here, there is no evidence to the contrary. Mishler v. Dep't of Transp., 519 A.2d 565 (Pa. Cmwlth. 1986) (in absence of proof to contrary, law presumes public official's actions are pursuant to proper authority and steps necessary to give validity to official acts were duly taken). None of the regulations cited by Stewart requires personal action by the Secretary or otherwise bars delegation of acting on exceptions to a deputy.

---

time, exercise such of the powers and perform such of the duties of the head of his department as may be prescribed by the head of his department:  Provided, however, That any such deputy shall not have the right to exercise any power or perform any duty which the Constitution of the Commonwealth of Pennsylvania requires the head of his department personally to exercise or perform.

11

## IV. Conclusion

For all these reasons, we affirm the Order of the Executive Deputy Secretary.

_____
ROBERT SIMPSON, Senior Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Adam Jay Stewart,                               :
                          Petitioner             :
                                                 :
          v.                                     :          No. 235 C.D. 2019
                                                 :
Commonwealth of Pennsylvania,                    :
Department of Transportation,                    :
Bureau of Driver Licensing,                      :
                          Respondent             :

## O R D E R

**AND NOW**, this 12th day of December 2019, the Order of the Executive Deputy Secretary of Transportation, dated February 19, 2019, at Docket No. 026 D.L.D. 2018, is **AFFIRMED**.

_____

ROBERT SIMPSON, Senior Judge