494

426 A.2d 155

**COMMONWEALTH of Pennsylvania**

v.

**Russell D. BEATTY, Appellant.**

Superior Court of Pennsylvania.

Submitted March 21, 1980.

Filed Feb. 27, 1981.

Chester A. Reybitz, Bethlehem, for appellant.

J. Michael Morrissey, District Attorney, Reading, for Commonwealth, appellee.

Before PRICE, CAVANAUGH and WATKINS, JJ.

WATKINS, Judge:

In this appeal it is contended that the court below erred in failing to make a determination of guilt or innocence in a hearing de novo following an appeal from a summary conviction by the magistrate and in remanding the case back to the magistrate with instructions. We agree.

The order in question reads as follows:

"AND NOW, April 24, 1979, it appearing that under the evidence, the decision as to how much overweight the Defendant's truck carried, what allowances should be permitted to him and how the fine was levied were made by the weigh crew and the police officer, jointly or severally, and it further appearing that from the verdict as entered by the District Justice, the evidence would indicate that he did not make the determination, but that that determination was made by others, the matter is remanded to District Justice Wenger with instructions that he determine and submit to this Court the amount of overweight he finds and the fine he assesses, and the reasons for assessing that fine, and make report to this Court of such

matters, at which time we will consider the present record and make an appropriate decision."

On January 11, 1970 at 10:30 A.M., the defendant, Russell D. Beatty, was operating a trailer truck, and dump trailer loaded with brick on Legislative Route No. 422 in Exeter Township, Berks County, Pennsylvania. He was stopped by State Trooper Eric D. Olena who had two PennDot employees weigh the truck on portable scales. A citation was then issued charging him with violating *Section 4942(a)* of the *Motor Vehicle Code* pertaining to gross weight. The citation stated the total gross weight to be 85,710 pounds and calculated the fine to be $3000 plus $10 costs.

The defendant was then escorted to the office of Magistrate George L. Wenger in Birdsboro, Pennsylvania and the truck was impounded until the payment of $3010 was made. The fine and costs were paid on the same day.

On March 12, 1979, at a hearing held before District Justice Wenger, the defendant was found guilty as charged and fined the sum of $3000 plus $15.00 costs. A notice of appeal from this summary conviction was filed on March 22, 1979 with the Berks County Court of Common Pleas, Civil Division.

The hearing, de novo, was held before Judge Warren K. Hess. After receiving the testimony of the State Trooper who issued the citation and the two PennDot employees who weighed the truck, the above order was issued. The appeal was taken in accordance with the requirements of the *Act of April 28, 1978, P.L. 202, Sec. 10(67) (42 Pa.C.S.A. § 5571)* and the *Pennsylvania Rules of Appellate Procedure No. 903* to determine the propriety of the order.

*Pennsylvania Rule of Appellate Procedure 903* requires that after an appeal from a summary judgment has been perfected, the case should be heard de novo. In this case, although such a hearing was held no decision of guilt or innocence of the defendant was made by the hearing judge.

*Pennsylvania Rule of Criminal Procedure 67(e)* directs that an appeal from a summary judgment shall be heard de

novo by the Court of Common Pleas. Under Rule 17 governing the standards of conduct of District Justices, the court in its general supervisory powers over magistrates can remand a case to the magistrate for further hearing. In *Commonwealth v. Fiorini*, 75 Pa.D. & C.2d 9, 35 Beaver 3 (1975), it was held that the court may remand for further hearing. Here, however, there is no other evidence that can be offered to the magistrate except what the court and the magistrate have already heard. In *Fiorini*, supra, the lower court held as follows:

"... If this were actually an 'appeal' following an appropriate hearing, we would be compelled to agree with the defendant. However, regardless of the designation affixed to Trooper Bowser's application to this court, we do not consider this to be an 'appeal'. Under Rule 67, on the contrary, we consider what is now before us as an application by the prosecutor to the court under its general supervisory powers over Justices of the Peace, to enforce or require compliance with applicable rules of procedure."

*Fiorini*, supra, held that *Pennsylvania Rule of Criminal Procedure 55(2)* requires that the magistrate "notify the defendant and the police officer of the date and hour fixed for the trial of a summary case." That situation clearly involved the violation of a procedural rule and was subject to the supervisory powers of the court over magistrates.

In our present case, there was a hearing and an appeal to Common Pleas by a convicted defendant. The transcript of the magistrate's hearing shows that the registered gross weight provided by the police and PennDot employees amounted to 85,710 pounds, and that the same witnesses were heard by the magistrate as were heard by the court below in the de novo hearing. The transcript shows the defendant was found "guilty and sentenced to pay a fine of $3000 plus costs of $15.00". The transcript was certified by the magistrate on March 26, 1979.

The findings and decision of the magistrate disappear on appeal by the defendant and the Common Pleas Court hears the appeal de novo. Matters of procedure fall within the

supervisory powers of the court but the case on appeal is before the court ab initio and under the law the court is not exercising appellate jurisdiction.

The legislature has fixed the penalties for exceeding the maximum weight permitted in the *Vehicle Code, 1976, June 17, P.L. 162, Act No. 81,* as amended. See *Section 4945.* The sentence to be "a fine of $75 plus $75 for each 500 pounds or part thereof, in excess of 3000 pounds over the maximum of gross weight allowed. If the gross weight of any vehicle or combination exceeds 72,280 pounds, the fine shall be double the amount for other weight violations." Here the gross weight exceeded the 72,280 pounds. The testimony taken at the de novo hearing was not transcribed so we do not have the benefit of the weight computation that fixed the $3000 fine but the de novo hearing, as well as the magistrate's hearing can determine that. Each vehicle has a registered gross weight. See Section 4942 and also Section 4941, supra.

The order of remand by the Court of Common Pleas is reversed and the case remanded to the court below for the determination of guilt or innocence of the defendant at the de novo hearing.