561 A.2d 1276

Patrick SOUTHERLAND, Appellant,

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF MOTOR VEHICLES, Appellee.

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 17, 1989.

Decided May 4, 1989.

Publication Ordered July 27, 1989.

be held after a request for a continuation has been granted. 37 Pa.Code § 71.5(c)(2).

Neil Leibman, Bala Cynwyd, for appellant.

Donald H. Poorman, Asst. Counsel, Philadelphia, Harold H. Cramer, Asst. Counsel, John L. Heaton, Chief Counsel, Harrisburg, for appellee.

Before CRUMLISH, Jr., President Judge, COLINS, J., and NARICK, Senior Judge.

NARICK, Senior Judge.

Patrick Southerland (Appellant) appeals from an order of the Court of Common Pleas of Philadelphia County (trial court) which dismissed Appellant's appeal from revocation of his operating privileges imposed by the Department of Transportation, Bureau of Driver Licensing (Department),

pursuant to Section 1532(a)(1) of the Vehicle Code.[1] We affirm.

The Department notified Appellant by official notice dated July 5, 1988, that his operating privileges were revoked for a one-year period due to his conviction under Section 3925 of the Crimes Code, 18 Pa.C.S. § 3925 (theft by receiving stolen property), during which a vehicle was essentially involved. Appellant appealed the revocation and a *de novo* hearing was scheduled for March 15, 1988.

At the hearing, the Department offered as evidence Appellant's certified driving record, which included the notice of conviction of a crime in which a judge determined that a motor vehicle was "essentially involved," sent by the Montgomery County Clerk of Courts. The notice certified that the Appellant was convicted of a felony of the third degree on the charge of theft by receiving stolen property.

In his defense, Appellant argued that the criminal court judge never made an affirmative finding that a vehicle was essentially involved in the crime. In support of this contention, Appellant offered the transcript of the notes of testimony of the criminal trial at 21 and 22, in which he plead guilty to the felony. Appellant contends that the transcript concerns itself with the theft of engine parts, a crime he argues, does not essentially involve a motor vehicle because Section 1532(a)(1) allegedly requires the use of a complete total automobile in a crime; such as a getaway, but not where parts are involved.

The trial court rejected Appellant's interpretation of Section 1532(a)(1) and interpreted that the transcript establishes that the Appellant attempted to sell an engine from a stolen car to an undercover police detective. The court accepted this certification as *prima facie* evidence that the judge, at the criminal trial, had determined a vehicle was essentially involved in Appellant's crime.

The court also pointed out in its opinion that there was something "incongruous between pleading guilty to a felony-three (F–3) with evidence about theft of automobile parts

1. 75 Pa.C.S. § 1532(a)(1).

and invited [A]ppellant to go back to Montgomery County and verify what had really taken place there." After four weeks, Appellant produced no additional evidence. Whereby, the trial court dismissed the appeal finding Appellant failed to rebut the Department's evidence that the criminal court judge had determined that a vehicle was essentially involved in the crime. This appeal then followed.

■ Our scope of review, as was the trial court's, in a license revocation appeal, is limited to a determination of 1) whether the motorist was convicted; and 2) whether the Department acted in accordance with the statute. *Department of Transportation, Bureau of Driver Licensing v. Rinehart*, 113 Pa.Commonwealth Ct. 452, 537 A.2d 930 (1988).

As to whether Appellant was convicted, the Department entered into evidence a certified copy of Appellant's conviction of Section 1532(a)(1).

The Department then acted in accordance to Section 1532(a)(1) of the Vehicle Code that requires revocation of operating privileges upon conviction of "[a]ny felony in the commission of which a court determines a vehicle was essentially involved."

It is well settled that where the Department suspends a license pursuant to a mandatory provision in the Vehicle Code, the relevant inquiry on appeal of the suspension is not whether the licensee should have been convicted of the underlying offense, but whether he is convicted. *Department of Transportation, Bureau of Traffic Safety v. Edwards*, 103 Pa.Commonwealth Ct. 43, 519 A.2d 1083 (1987).

■ Appellant argues that the presumptive validity of the certified notice of conviction was rebutted by the criminal transcript which did not include a reference to a judge's specific finding that a motor vehicle was essentially involved. Appellant's contention is based upon *Department of Transportation, Bureau of Driver Licensing v. Dauer*, 96 Pa.Commonwealth Ct. 541, 507 A.2d 1299 (1986).

In *Dauer*, the Court held that a Clerk of Court's certification that the criminal conviction was one in which a motor

vehicle was essentially involved is *prima facie* evidence that the criminal court made such a finding but, however, this may be rebutted by other evidence which shows that the judge did not, in fact, make such an affirmative finding. In *Dauer*, the notice submitted into evidence stated only that the crime involved a motor vehicle, rather than that a *judge had determined* that the crime involved a motor vehicle. Since the ultimate fact of whether the judge had made such a determination was not set forth on the face of the document, it was only presumed that the fact was true since the Clerk of Courts, as a public officer, properly performed his duties in certifying the conviction. *See* Sections 6103 and 6104 of the Judicial Code, 42 Pa.C.S. §§ 6103, 6104. As a presumption, it was subject to rebuttal by evidence which showed that the criminal court judge did not, in fact, make a determination on the issue. *Dauer.*

Here, the Clerk of Courts' notice was specifically entitled "Report of the Clerk of Court Showing the Conviction of Any Act in which *a Judge Determines* that a Motor Vehicle is Essentially Involved." (Emphasis added.)

The Department contends that such a report certifies, *on its face*, not merely that a motor vehicle was essentially involved, but that a judge determined this to be true. We believe that since the ultimate fact is established on the face of the certified document, it cannot simply be rebutted by reference to a few pages in the criminal court record, where these facts do not appear. Appellant was given the opportunity to bring forth additional evidence that the criminal judge did not make such a determination, but Appellant did not do so.

The trial court also displayed concern as to why an offense described in the proffered transcript as theft of an automobile engine would result in a felony conviction. Under Section 3903(a) of the Crimes Code, 18 Pa.C.S. § 3903(a), theft is a felony of the third degree if, for example, the amount involved exceeds $2,000, the property stolen is an automobile, or in the case of theft by receiving stolen property, if the receiver is in the business of buying

or selling stolen goods. Since the transcript did not contain an explanation as to the reason for the severity of the charge, the trial court asked for further documentation which it never received.

In *Stephenson v. Department of Driver Licensing*, 115 Pa.Commonwealth Ct. 592, 540 A.2d 990 (1988), the appellant introduced affirmative testimony that the involvement of a motor vehicle was never discussed at his criminal trial. Here, Appellant has failed in his burden to show that the criminal court did not make a specific finding that a vehicle was essentially involved in the crime.

Accordingly, we affirm the order of the trial court.

## ORDER

AND NOW, this 4th day of May, 1989, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is hereby affirmed.

## ORDER

AND NOW, this 27th day of July, 1989, it is ORDERED that the opinion filed May 4, 1989 shall be designated OPINION rather than MEMORANDUM OPINION, and that it shall be reported.