**Dancho v. PennDOT**

*Gina D'Alfonso, deputy counsel-in-charge,* for PennDOT.

*Cynthia M. Cline,* for appellant.

WAGNER, *J.,* January 11, 1991—This matter comes before the court on petitioner's appeal of the suspension of his operating privilege by the Commonwealth of Pennsylvania, Department of Transportation on August 27, 1990. Petitioner, Michael John Dancho, III, was cited on April 12, 1989 for violating section 6308 of the Crimes Code and

section 3731 of the Vehicle Code.[1] Petitioner contends that his conviction for violating section 6308 is null and void, therefore the department is precluded from suspending his operating privileges. We agree.

On November 14, 1989, a hearing on these summary offenses was held before District Justice Jules C. Melograne, Magisterial District 05-2-17, Allegheny County, Pennsylvania. Relying on the suggestion and assurance of District Justice Melograne and that of the assistant district attorney, petitioner entered a guilty plea to section 6308. Petitioner was informed that the effective date of the amendment to section 6308 mandating a 90-day license suspension was in May 1989, therefore the suspension was not applicable to his case.

However, on January 9, 1990, petitioner received official notice of the suspension of his driving privilege for 90 days, pursuant to 18 Pa.C.S. §6310.4 as a result of his summary conviction of section 6308 on November 14, 1989.[2] Discovering that the amendment to section 6308 became effective in 1988, not 1989, a petition to remand, nunc pro tunc, was filed in the Court of Common Pleas of Alleg-

---

1. 18 Pa.C.S. §6308, purchase, consumption, possession or transportation of liquor or malt or brewed beverages. 75 Pa.C.S. §3731, driving under influence of alcohol or controlled substance.

2. 18 Pa.C.S. §6310.4, restriction of operating privilege, provides in relevant part:

"(a) Whenever a person is convicted . . . of section . . . 6308 . . . the court, including a court not of record if it is exercising jurisdiction pursuant to 42 Pa.C.S. §1515(a). . ., shall order the operating privilege of the person suspended. A copy of the order shall be transmitted to the Department of Transportation.

"(b) . . . the duration of the suspension shall be. . .:

"(1) For a first offense, a period of 90 days from the date of suspension. . ."

heny County, and a petition for supersedeas and license suspension appeal was filed with this court.

On January 29, 1990 this court stayed the license suspension until further order. By the court order of Judge Raymond L. Scheib of the Court of Common Pleas of Allegheny County on January 22, 1990, this case was remanded to District Justice Melograne for a hearing. No answer or other opposition was entered by the District Attorney of Allegheny County.

Subsequently, on February 6, 1990 a second hearing was held on these summary offenses. Officer Michael Coury, the prosecuting police officer, failed to appear but the assistant district attorney was present. A hearing was conducted which resulted in petitioner being found not guilty on both charges. Following the hearing, District Justice Melograne sent a letter to the department notifying them that the conviction of violating 18 Pa.C.S. §6308 entered on November 14, 1989 was null and void.

Thereafter, on March 19, 1990 a hearing was held before this court and we granted the department's request for additional time to obtain sufficient documentation of the second hearing's finding of not guilty to the charges. On that same day, District Justice Melograne sent a second certified copy of his decision to the department. On August 27, 1990 the department notified petitioner that they did not recognize the decision of the February 6, 1990 hearing. Presently before us is the appeal of petitioner's operating privilege suspension submitted on briefs; each counsel having stipulated that there is no factual dispute.

Petitioner commends that he has no record of conviction of violating 18 Pa.C.S. §6308, therefore the department has no authority to suspend his operating privileges for 90 days. Judicial review of

certain department actions affecting drivers' licenses is set forth in 75 Pa.C.S. §1550, which provides:

"Any person . . . whose operating privilege has been recalled, canceled, suspended or revoked by the department shall have the right to appeal to the court vested with the jurisdiction of such appeals by or pursuant to Title 42."

Jurisdiction over license suspension appeals is vested in the court of common pleas by statute, 42 Pa.C.S. §933(a)(ii). The provisions of section 1550 mandate a de novo review of the merits of a case before a common pleas court judge. *Commonwealth, Dept. of Transportation v. Reilly,* 118 Pa. Commw. 608, 545 A.2d 1000 (1988).

Our scope of review in a license suspension appeal is limited to a determination of whether the licensee was in fact convicted and whether the department has acted in accordance with applicable law. *Southerland v. Commonwealth, Dept. of Transportation,* 127 Pa. Commw. 349, 561 A.2d 1276 (1989). The underlying criminal conviction may not be challenged in a suspension appeal, which is civil in nature. *Zeitlen v. Commonwealth, Dept. of Transportation,* 106 Pa. Commw. 170, 525 A.2d 876 (1987).

As to whether petitioner is convicted, the record establishes that on November 14, 1989, petitioner was convicted of violating section 6308. Section 6310.4 of the Vehicle Code mandates a 90-day license suspension for a conviction of violating section 6308. Therefore, the department acted in accordance to section 6310.4 when the notice of suspension was communicated to petitioner by mail on January 9, 1990.

However, the department failed to act according to the law upon receiving notice of the not guilty

charge to section 6308 from the second hearing. Under Rule 17 governing the standards of conduct of district justices, the court of common pleas in its general supervisory powers over magistrates can remand a case to the magistrate for further hearing.[3] *Commonwealth v. Beatty,* 284 Pa. Super. 494, 426 A.2d 155 (1981).

Petitioner properly appealed the summary conviction to the Court of Common Pleas of Allegheny County, nunc pro tunc. See Pa.R.Crim.P. 86, 42 Pa.C.S. Upon the remand order of the Honorable Judge Scheib, District Justice Melograne held a second hearing on the summary offenses. Consequently, petitioner was found not guilty on both charges. Thereafter, District Justice Melograne sent two letters to the department which set forth the determination of not guilty to section 6308; therefore section 6320.4 is not activated. We find that petitioner has no record of conviction of violating section 6308, therefore the department has not acted in accordance with the law.

In accordance with the foregoing, we hereby make the following

### ORDER

And now, January 11, 1991, petitioner's appeal is sustained and the Department of Transportation's order of a 90-day suspension of Michael John Dancho III's vehicle operating license is reversed.

---

3. Pa.R.C.P.D.J. 17, 42 Pa.C.S. Supervision of district justices by president judges.