621 A.2d 1064

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant,

v.

Jeffrey A. JOHNS, Appellee.

Commonwealth Court of Pennsylvania.

Argued Oct. 22, 1992.

Decided Feb. 5, 1993.

Harold H. Cramer, Asst. Chief Counsel, Vehicle & Traffic Law Div., for appellant.

Joseph J. Chester, for appellee.

Before PELLEGRINI and FRIEDMAN, JJ., and NARICK, Senior Judge.

PELLEGRINI, Judge.

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (PennDOT) appeals an order of the Court of Common Pleas of Allegheny County (trial court) sustaining the appeal of Jeffrey A. Johns (Licensee) from a one-year license revocation imposed by PennDOT under Section 1532(a) of the Vehicle Code (Code), 75 Pa.C.S. § 1532(a).

Licensee was convicted of a felony for receiving stolen property.[1] Pursuant to Section 6323 of the Code,[2] the Clerk of Court sent a "Report of the Clerk of Court Showing the

---

1. Section 3925 of the Crimes Code, 18 Pa.C.S. § 3925.
2. Section 6323 of the Code, 75 Pa.C.S. § 6323, provides:
   (1) The clerk of any court of this Commonwealth, within ten days after final judgment of conviction or acquittal or other disposition of charges under any of the provisions of this title ... shall send to the department a record of the judgment of conviction, acquittal or other disposition.
   (2) A record of the judgment shall also be forwarded to the department upon conviction or acquittal of a person of a felony, ... in the

Conviction of Any Act in which a Judge Determines that a Motor Vehicle was Essentially Involved" (Report)[3] to PennDOT listing Licensee's conviction. Based on the Report, PennDOT notified Licensee that his license was revoked for one year pursuant to Section 1532(a) of the Code,[4] because the judge determined that a vehicle was essentially involved in the commission of the felony for which he was convicted.

Licensee appealed the revocation to the trial court. PennDOT introduced the Report into evidence and rested. Licensee's counsel made a Motion for Compulsory Nonsuit. He argued that the revocation could not be based solely on a conviction for receiving stolen property. Moreover, he argued that only car parts were involved so the commission of the felony did not "essentially involve" a vehicle. Although Licensee's counsel referred to the facts he alleges were presented to the criminal court, no transcript or records of the criminal court proceeding were introduced. Agreeing with Licensee's argument, the trial court granted the requested nonsuit.[5] PennDOT then filed this appeal.[6]

■ While it disagrees with Licensee's contention that "receiving stolen property" cannot be the basis for revocation

commission of which the judge determines that a motor vehicle was essentially involved.

3. The Report is a form provided by PennDOT to Clerks of Court to assist them in complying with Section 6323 of the Code.

4. Section 1532(a) of the Code, 75 Pa.C.S. § 1532(a), provides:
The department shall revoke the operating privilege of any driver for one year upon receiving a certified record of the driver's conviction of or an adjudication of delinquency based on any of the following offenses:
(1) Any felony in the commission of which a court determines that a vehicle was essentially involved.

5. We do not· address the propriety of a grant of nonsuit in a statutory appeal.

6. Our scope of review in a license suspension case ·is limited to determining whether the findings of the trial court are supported by competent evidence, whether there has been an erroneous conclusion of law or whether the trial court's decision demonstrates a manifest abuse of discretion. *Stephenson v. Commonwealth, Department of Transportation, Bureau of Traffic Safety,* 115 Pa.Commonwealth Ct. 592, 540 A.2d 990 (1988).

under Section 1532 of the Code, PennDOT contends that it was improper for the trial court to even address that issue. To do so, PennDOT contends, is an impermissible collateral attack on the criminal court's determination that a vehicle was used in the commission of a felony. Once it introduced the Report stating that a judge made such a determination, PennDOT claims that it made out its case. While an attack can be made on the regularity of the Report, PennDOT contends no relitigation of that determination is permitted. We agree.

We addressed the effect that the introduction of the Report has in appeals of license suspensions and revocations in *Southerland v. Department of Transportation,* 127 Pa.Commonwealth Ct. 349, 353, 561 A.2d 1276, 1278 (1989). There, we held that the Report to PennDOT, which stated on its face that licensee was convicted of a felony and that a judge determined that a vehicle was essentially involved in that felony, was sufficient evidence to establish that a vehicle was essentially involved in the commission of the felony. In doing so, we stated that just as in all license suspension and revocation cases based on a conviction, a licensee may not collaterally attack a criminal conviction on appeal.[7] Similarly, the trial court on appeal is not in a position to review the criminal court judge's determination that a vehicle was essentially involved, which is based on facts admitted to or proven in the criminal proceeding leading to the conviction. The trial court is limited to deciding only the fact of a conviction, the fact that a judge determined that a vehicle was essentially involved and whether PennDOT acted properly in imposing the revocation. *See Southerland; Department of Transportation, Bureau of Driver Licensing v. Dauer,* 96 Pa.Commonwealth Ct. 541, 507 A.2d 1299 (1986).

In this case, just as in *Southerland,* the Report established on its face that Licensee was convicted of a felony and that a judge determined that a vehicle was essentially in-

7. *Commonwealth, Department of Transportation, Bureau of Traffic Safety v. Edwards,* 103 Pa.Commonwealth Ct. 43, 519 A.2d 1083 (1987); *Department of Transportation, Bureau of Traffic Safety v. Lea,* 34 Pa.Commonwealth Ct. 310, 384 A.2d 269 (1978).

volved. The burden then shifted to Licensee to present rebuttal evidence. To properly challenge the revocation, Licensee must establish that the criminal court never made the determination that a vehicle was essentially involved. To be successful in that challenge, Licensee must introduce the docket entries in the felony case which gave rise to the revocation to show that there is no entry or order evidencing a determination that a vehicle was essentially involved in the commission of the felony.[8]

Because an impermissible collateral attack was made on the underlying determination, we vacate the decision of the trial court. However, because a nonsuit was granted and Licensee has not yet had the opportunity to rebut PennDOT's case, we will remand.

## ORDER

AND NOW, this 5th day of February, 1993, the order of the Court of Common Pleas of Allegheny County, No. SA 2697 of 1991, is vacated, and the case is remanded so that the Licensee can present rebuttal evidence.

Jurisdiction relinquished.

FRIEDMAN, Judge, concurring and dissenting.

I concur in part and respectfully dissent in part.

Although I agree with the majority that the licensee may not use the civil matter to collaterally attack the underlying criminal conviction and that the trial court in the civil revocation proceeding is limited to deciding whether the court in the criminal proceeding had determined that a vehicle was essentially involved in commission of the felony and whether DOT acted properly in imposing the revocation, I do not believe that DOT met its burden of proving that the trial court had determined that a vehicle was essentially involved.

8. The order and docket entry should indicate whether the judge made the determination, because the clerk of courts is required to docket any order of a judge, and an order is not effective and appealable until it has been entered upon the appropriate docket. Pa.R.Crim.P. 9024 and Pa.R.A.P. 301(a).

Section 1532(a) of the Vehicle Code, 75 Pa.C.S. § 1532(a), provides for revocation of the operating privileges of a driver when "a court determines that a vehicle was essentially involved" in the commission of a felony, and 75 Pa.C.S. § 6323 of the Code states that the clerk of a court shall forward to DOT a record of the judgment "in the commission of which the judge determines that a motor vehicle was essentially involved."

The evidence presented by DOT to prove that the court determined that a vehicle was essentially involved in the commission of the felony is a pre-printed form supplied by DOT and filled out by the Clerk of Courts.[1] If the report

1. 75 Pa.C.S. § 1532 requires a *certified record* of the driver's conviction or an *adjudication* of delinquency, whereas 75 Pa.C.S. § 6323 requires only that upon conviction or acquittal a *record* of the judgment be forwarded to DOT. I do not believe that the reporting form used meets the requirements of section 1532 in any instance, but particularly in this instance where there is no evidence in the record of a seal of the Clerk of Court on the copy submitted as evidence.

Furthermore, the form itself is not sufficiently detailed to comply with all of the reporting requirements of 75 Pa.C.S. § 6323 which dictates that information regarding conviction or acquittal of a felony, or misdemeanor of the first or second degree be forwarded to DOT. Because the form distinguishes only between felony and misdemeanor, it could mistakenly be used when the conviction is for a misdemeanor of the third degree to which the reporting requirements do not apply.

Arguably, the offense to which the defendant pled guilty, which is the subject matter of the revocation, is a misdemeanor of the third degree (receiving parts of a vehicle having a value of less than $50.00 or having a value which cannot be satisfactorily ascertained and thus is deemed to be an amount less than $50.00.) While the consequences are not as serious, this distinction reminds me of the scene from *The Prince and the Pauper* where the value placed on a stolen pig meant the difference between life and death.

The judge turned to the woman again and said in a compassionate voice, " 'Tis a poor ignorant lad, ... Good woman! Dost know that when one steals a thing above the value of thirteen pence ha'penny the law saith he shall *hang* for it! " ....

The justice maintained his judicial composure and simply said, "Doubtless it is allowable to revise the value, since it is not yet writ upon the record."

"Then in God's name call the pig eightpence, and heaven bless the day that freed my conscience of this awesome thing! "

Twain, Mark, *The Prince and the Pauper* and *A Connecticut Yankee in King Arthur's Court*, (New York: New American Library) 1982, p. 144.

Unlike the judge in *The Prince and the Pauper*, it is not for us to create a fictitious value for the stolen property. In this case, DOT has proved

came with a certified copy of the court's adjudication attached, I would have no problem in accepting it as the best evidence of the court's determination. Standing by itself, however, the report is not the best evidence and should not be sufficient to shift the burden of proof to the licensee.

Where the terms of a writing are material, the best evidence rule requires that the original writing be produced unless it is unavailable through no fault of the opposing party. L. Packel and A. Poulin, *Pennsylvania Evidence*, § 1001 (1987). A judgment is the type of writing subject to this rule because the terms of the writing are considered material. *Id.,* § 1001.2. Although secondary evidence is sometimes admissible, a satisfactory reason must be established for the failure to produce the original; such reasons include: destruction or loss of the original, the original cannot be produced because it is in the hands of a third party outside the jurisdiction or the original is in the hands of the opposing party who has been notified and still failed to produce the original. *Id.,* § 1001.3. Similarly, if the original record is voluminous, the trial court may admit a summary of the original record subject to the availability of the original record for inspection and of the preparer of the summary for cross-examination. *Id.,* § 1001.5. None of these reasons for accepting secondary or summary information is applicable here.

I am troubled by the distinction which our recent case of *Southerland v. Department of Transportation,* 127 Pa.Commonwealth Ct. 349, 561 A.2d 1276 (1989) makes between a form entitled "Report of the Clerk of Court Showing the Conviction of Any Act in which a Judge Determines that a Motor Vehicle is Essentially Involved" and one which merely states that the crime involved a motor vehicle, such as was apparently the case in *Department of Transportation, Bureau of Driver Licensing v. Dauer,* 96 Pa.Commonwealth Ct. 541,

neither the judge's determination that a vehicle was essentially involved nor that the value of the stolen property received was sufficient to constitute a felony rather than a misdemeanor of the third degree and, therefore, has not produced evidence to support the revocation.

507 A.2d 1299 (1986). This is a distinction without a difference. The report of the Clerk of Courts is made on a pre-printed form supplied by DOT. Although we presume that a public official such as the Clerk of Courts properly does his or her duty in reporting to DOT and although if unchallenged the report becomes proof of the fact asserted, the best evidence of the conviction remains that of the official court adjudication which is in the files of the Clerk of Courts in its statutory duty as recordkeeper.[2] Rather than requiring the licensee to prove a negative, as the majority does, I believe that the better approach would be to require DOT to provide the best evidence of the judicial determination, which is the criminal court record rather than the Clerk's report.

This case illustrates the hazards inherent in using the report of the Clerk of Courts rather than the primary evidence to establish the fact of a judge's determination "that a motor vehicle was essentially involved." At the trial court hearing, which is a *de novo* hearing at which DOT must prove that the licensee was convicted of a felony in which the trial court determined that a vehicle was essentially involved, the trial court found that Johns was convicted of receiving stolen property, that receiving stolen property is not in itself grounds for suspending a license and that the fact that the stolen property involved car parts did not mean that a vehicle[3] was essentially involved. The secondary evidence proves only what the clerk reported, not the underlying court determination.[4]

**2.** Sections 2756, 2757, and 4301 of the Judicial Code, 42 Pa.C.S. §§ 2756, 2757, 4301.

**3.** A vehicle is a device for the transportation of people or property upon a highway, and a motor vehicle is a self-propelled vehicle. Section 102 of the Vehicle Code, 75 Pa.C.S. § 102. I agree with the lower court that stolen parts are not a vehicle. Furthermore, I do not believe that DOT proved a felony.

**4.** Under prior law, DOT had the burden of proving that a motor vehicle was used in the commission of the felony. 75 Pa.C.S. § 616(a)(2) (repealed). The legislature modified the burden to require only proof of a court determination that a motor vehicle was essentially involved. 75 Pa.C.S. § 1532(a)(1).

Furthermore, Licensee's assertion that DOT failed to meet its burden of proving that the criminal court had determined that a motor vehicle was essentially involved, does not constitute an impermissible collateral attack on the underlying conviction.

I also believe that a compulsory non-suit would be proper in this situation.[5] Since DOT did not present the best evidence, it failed to establish a right to relief pursuant to both the common law established by a previous rule of the court and to the present Pa.R.C.P. No. 230.1.

In sum, the report is not the best evidence and once challenged is not sufficient to prove DOT's case. There is a duty on the part of DOT to prove that the court determined that the offense was a felony which essentially involved a vehicle. This, DOT failed to do. The criminal court judge's adjudication, not DOT's business record, is the best evidence of this determination.

I would affirm the trial court order sustaining the appeal of Jeffrey Johns from DOT's revocation of his operating privilege on the grounds that DOT failed to present the best evidence and therefore failed to meet its burden of proof.

---

5. The Appellant, Johns, moved for a compulsory non-suit on the basis that the certificate did not expressly contain a finding by the trial judge in the criminal action that a vehicle was essentially involved in the felony. The trial court order appealed from sustained Johns' appeal but did not specifically rule on the motion for non-suit.