Carl PALUSKE

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 24, 2005.

Decided June 6, 2005.

Timothy P. Wile, Asst. Counsel In-Charge and Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellant.

Michael D. Yelen, Wilkes–Barre, for appellee.

BEFORE: FRIEDMAN, Judge, and LEAVITT, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge FRIEDMAN.

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (DOT) appeals from the October 26, 2004, order of the Luzerne County Court of Common Pleas (trial court), which granted Carl Paluske's (Paluske) petition for appeal from DOT's suspension of his driving privileges under section 1772(a) of the Motor Vehicle Financial Responsibility Law (MVFRL), 75 Pa.C.S. § 1772(a), relating to nonpayment of judgments. We reverse.

On May 9, 2002, at approximately 5:00 a.m., Paluske's parked car slid down his driveway during a rainstorm and struck and damaged another vehicle parked in front of Paluske's house.[1] Neither vehicle was being driven or was otherwise occupied at the time of the incident. Paluske had purchased his car one to two weeks before the incident, and the seller had delivered it to Paluske's property and parked it in his driveway. No one, including Paluske, had driven the car since its delivery, and the car was neither regis-

---

1. Paluske's house is situated on a hill. (R.R. at 14a.)

tered nor insured at the time of the incident.[2] (R.R. 13a–14a.)

On October 7, 2003, the owner of the vehicle that had been damaged by Paluske's car obtained a judgment against Paluske in the amount of $6,960.13 plus $15.50 in costs. (R.R. at 21a.) On January 29, 2004, pursuant to section 1771(a) of the MVFRL,[3] the Clerk of Courts for the trial court (Clerk of Courts) certified to DOT that this judgment had remained unpaid for at least sixty days. (R.R. at 21a.) On March 5, 2004, DOT notified Paluske that his operating privileges were being suspended indefinitely in accordance with section 1772(a) of the MVFRL because he had not paid the judgment.[4] (R.R. 19a–20a.)

Paluske appealed his suspension to the trial court, which reversed, finding that DOT failed to establish that the civil judgment against Paluske resulted from a "motor vehicle accident" as intended by section 1771(a) of the MVFRL. DOT now appeals to this court.[5]

■ DOT argues that the Clerk of Courts' certification of the judgment, (Certification of Motor Vehicle Judgment, R.R. at 21a), which DOT admitted into evidence over Paluske's objection, creates a presumption that the civil judgment arose from a "motor vehicle accident" within the meaning of section 1771(a) of the MVFRL, which Paluske's testimony before the trial court failed to rebut.[6] We agree.

Section 1550(a) and (d)(2) of the Vehicle Code, 75 Pa.C.S. § 1550(a) & (d)(2), states that "[a]ny person ... whose operating privilege has been ... suspended ... shall have the right to appeal" and that in such a proceeding "documents received by [DOT] from any other court ... shall be admissible into evidence to support [DOT's] case." Section 6104(a) of the Judicial Code, 42 Pa.C.S. § 6104(a), states that "[a] copy of a record of governmental action or inaction authenticated as provided in section 6103 [7] (relating to proof of

2. Paluske was unable to get insurance on the car because his driver's license was suspended. (R.R. at 13a.)

3. Section 1771(a) of the MVFRL states: "General rule.—Whenever any person fails within 60 days to satisfy any judgment arising from a *motor vehicle accident*, the judgment creditor may forward to the department a certified copy of the judgment." (Emphasis added.)

4. Section 1772(a) of the MVFRL states: "General rule.—The department, upon receipt of a certified copy of a judgment, shall suspend the operating privilege of each person against whom the judgment was rendered except as otherwise provided in this section and in section 1775 (relating to installment payment of judgments)."

5. Our scope of review in motor vehicle license suspension cases is limited to determining whether findings of fact are supported by substantial evidence, whether errors of law have been committed, and whether the trial court's decision demonstrates manifest abuse of discretion. *Department of Transportation, Bureau of Driver Licensing v. Benner*, 151 Pa. Cmwlth. 131, 616 A.2d 181 (1992).

6. The Certification of Motor Vehicle Judgment documents a "DATE OF ACCIDENT" of "May 9, 2002" and contains the form language "THE ABOVE MENTIONED JUDGMENT *AROSE FROM A MOTOR VEHICLE ACCIDENT*. SIXTY DAYS HAVE ELAPSED SINCE THE ENTRY OF SAID JUDGMENT AND THE SAME HAS NOT BEEN SATISFIED OF RECORD AND NO APPEAL HAS BEEN TAKEN THEREFROM." (Certification of Motor Vehicle Judgment, R.R. at 21a) (emphasis added).

In describing the incident, Paluske testified:
Q: [Your] car, on its own, slid down [your driveway] and hit a parked vehicle in front of your house?
A: Yes, that's the truth.
(R.R. at 13a.)

7. Section 6103(a) of the Judicial Code provides that: "[a]n official record kept ... by any ... government unit, or an entry therein,

official records) shall be admissible as evidence that the governmental action or inaction disclosed therein was in fact taken or omitted." Therefore, the Certification of Motor Vehicle Judgment form certified by the Clerk of Courts and submitted into evidence by DOT constitutes evidence that the civil judgment, indeed, arose from a "motor vehicle accident."

 Furthermore, even without evidence of the Certification of Motor Vehicle Judgment form, this judgment clearly arose from a motor vehicle accident.[8] Section 102 of the Vehicle Code defines a "motor vehicle" as "[a] vehicle which is self-propelled except an electrical personal assistive mobility device or a vehicle which is propelled solely by human power or by electric power obtained from overhead trolley wires, but not operated upon rails." 75 Pa.C.S. § 102. The term "motor vehicle" certainly would include a car. *Webster's Third New International Dictionary* defines an "accident" as "a [usually] sud-

den event or change occurring without intent or volition through carelessness, unawareness, ignorance, or a combination of causes and producing an unfortunate result." *Webster's Third New International Dictionary* 11 (1993). Based on Paluske's own testimony that his car struck and damaged another car, it was both an error of law and a manifest abuse of discretion for the trial court to find that DOT failed to establish that the judgment resulted from a "motor vehicle accident" under section 1771 of the MVFRL.[9]

Accordingly, we reverse.

### ORDER

AND NOW, this 6th day of June, 2005, the October 26, 2004, order of the Luzerne County Court of Common Pleas is hereby reversed.

---

when admissible for any purpose, may be evidenced by an official publication thereof or by a copy attested by the officer having the legal custody of the record...." 42 Pa.C.S. § 6103(a). Paluske does not challenge the validity of DOT's Certification of Motor Vehicle Judgment under 42 Pa.C.S. § 6103.

8. In reversing DOT's initial suspension of Paluske's license, the trial court cited to *Benner* for the proposition that "[t]he mere fact that an accident involves a motor vehicle does not permit [DOT] to suspend a driver's license for non-payment of [the resulting] judgment." *Paluske v. Commonwealth, Department of Transportation, Bureau of Driver Licensing* (No. 2312–C of 2004, filed October 26, 2004), slip op. at 2. We agree; however, the facts in *Benner* are easily distinguishable from the present case. In *Benner*, the judgment resulted from the death of a truck driver which occurred when striking teamsters threw an eighteen pound rock through his windshield. In that case, we found that the judgment did not "aris[e] from a motor vehicle accident" under section 1771(a) of the MVFRL because

"[t]he actions of those against whom the judgment was rendered were intentional and did not involve the use of an automobile owned or operated by Benner." *Benner*, 616 A.2d at 184. By contrast, in this case, Paluske, himself, testified that *a car he owned* slid down his driveway and *damaged another car* which had been parked at the end of his driveway and that the owner of the other car obtained a judgment against him. (R.R. at 13a.) Thus, the damage which resulted in the judgment against Paluske was caused by the collision of Paluske's car with another car.

9. We note that for certain purposes of the MVFRL, which do not apply here, "a parked and unoccupied motor vehicle is not a motor vehicle involved in an accident unless it was parked so as to cause unreasonable risk of injury." Section 1713(a)(4) of the MVFRL. Moreover, to the extent that Paluske is attempting to collaterally attack the judgment against him here, he may not do so. *Commonwealth, Department of Transportation, Bureau of Driver Licensing v. Johns*, 153 Pa. Cmwlth. 312, 621 A.2d 1064 (1993).